[Civil No. 1582.   Filed December 21, 1918.]

[176 Pac. 843.]

## H. C. KIMBALL and SARAH E. KIMBALL, His Wife, Appellants, v. J. N. STATLER, Appellee.

1. HUSBAND AND WIFE—COMMUNITY—CONTRACT BY HUSBAND—RATIFICATION BY WIFE.—In an action for the specific performance of a contract to exchange land, defendant cannot object that plaintiff's property was community property, and that the wife had not joined in the contract, where the wife later ratified and approved the contract by joining her husband in executing a deed conveying the lands to the defendant.

2. FRAUDS, STATUTE OF—AUTHORITY OF AGENT—PLEADING.—In an action on a contract to exchange land, the pleading need not allege that plaintiff's agent had authority in writing to dispose of the property, under Civil Code of 1913, paragraph 3272, subdivision 6; there being a presumption to that effect in the absence of allegation.

3. SPECIFIC PERFORMANCE—CONSIDERATION.—An agreement in writing to exchange one piece of land for another piece of land is supported by a sufficient consideration to entitle a party to specific performance.

4. SPECIFIC PERFORMANCE—CONTRACTS—ENFORCEABILITY.—Whenever a contract concerning real property is in its nature and incidents entirely unobjectionable, a court of equity will decree specific performance.

5. APPEAL AND ERROR—SPECIFIC PERFORMANCE—DISCRETION—REVIEW. There is a wide discretion in the trial court as to whether he will order specific performance or not, and while that discretion is subject to review upon appeal, the presumption is, in the absence of the evidence, that there was no abuse of discretion.

APPEAL from a judgment of the Superior Court of the county of Cochise.   A. C. Lockwood, Judge.   Affirmed.

Mr. A. A. Worsley and Mr. Edwin F. Jones, for Appellants.

Mr. O. Gibson, for Appellee.

ROSS, J.—This is an action for specific performance of a contract to exchange farms. It is shown by the plaintiff-appellee's complaint that on or about March 9, 1915, appellee, as the owner of farm lands in the Imperial Valley, California, entered into an agreement in writing with defendant-appellant H. C. Kimball, as agent for H. B. Owens, who owned land in Cochise county, Arizona, to trade or exchange such lands by each executing and giving to the other a deed of his land, together with abstract of title, and each agreeing to give possession on demand; that on March 15, 1915, H. B. Owens and wife executed and delivered to appellant Kimball a deed conveying to him the premises that he, as agent, had agreed on March 9, 1915, to exchange for the California land owned by appellee; that appellee offers to perform his part of the contract, but that the appellant, after demand, refuses to perform his contract.

The defendant-appellants' answer consisted of a general demurrer and allegations of misrepresentation as to the value and character of the California land; that is, they set up fraud as the defense. The general demurrer was overruled. The case was tried to a jury upon special interrogatories submitted by the court, and the court, in its judgment, "found that the answers returned by the jury were not inconsistent and that the jury had found the issues in favor of the plaintiff," and accordingly entered judgment for plaintiff.

There are a number of assignments of error, but the only one we can consider is the order overruling the general demurrer; the others all being based upon or growing out of the evidence which is not before us.

It is first contended by appellants that the contract pleaded was void "because the subject matter was land which was community property of Owens and his wife, and the contract shows on its face that it was executed by H. C. Kimball, agent for H. B. Owens alone, she not joining and Kimball not acting as her agent." Contrary to this statement, there is nothing in the complaint to show that the property was community property. Besides, if it was community property, complaint shows that Mrs. Owens later ratified and approved

the contract by joining her husband in executing a deed conveying the lands to appellant H. C. Kimball.

It is next contended the contract was void because it was not shown that the agent's authority was in writing, as required by subdivision 6 of paragraph 3272, Civil Code of 1913. As we understand the rule, it is not necessary that the complaint should show that the agent's authority to dispose of real property was in fact in writing. The rule is stated (20 Cyc., p. 308) as follows:

"Except in a few states wherein the Codes of Civil Procedure are construed as having changed the rule formerly prevailing, a declaration or complaint on a contract which is required by the statute of frauds to be in writing need not contain an allegation that it is in writing; there is a presumption to that effect which will save the declaration on demurrer; and it is immaterial whether the promise declared on be a promise to answer for the debt of another, or a contract relating to land, or one for the sale of goods. So in declaring on a contract executed by an agent, it is not necessary to allege that the agent's authority was in writing."

Although it is not urged by appellant as a ground for reversing the judgment, it may be suggested that there was no consideration for appellant's agreement to exchange his property for appellee's property, or that the consideration was not the kind and character entitling the plaintiff-appellee to specific performance. Here, under the facts, we have a promise for a promise, an agreement in writing to exchange one piece of land for another piece of land. There is no question about the capacity of the parties to contract, nor that the lands to be traded were valuable. Story on Contracts, section 447, says:

"Mutual promises are concurrent considerations and will support each other unless one or the other be void; in such case, there being no consideration on the one side, no contract can arise."

9 Cyc. 223, states it as follows:

"Subject to the qualifications hereinafter stated, a promise to do an act or to forbear from doing an act is just as valid a consideration for a promise as the act or forbearance should be. Where mutual promises are made, the one furnishes a sufficient consideration to support an action upon the other."

The rule as to the specific performance of a contract concerning real property differs widely from the rule as it affects contracts concerning chattels. It would seem, under the facts and circumstances as disclosed in the pleadings and the judgment in this case, that the court correctly gave judgment for the appellee.

Pomeroy's Equity Jurisprudence, volume 4, section 1042, says:

"Where land or any estate therein is the subject matter of the agreement, the inadequacy of the legal remedy is well settled, and the equitable jurisdiction is firmly established. Whenever a contract concerning real property is in its nature and incidents entirely unobjectionable, when it possesses none of those features which, in ordinary language, influence the discretion of the court, it is as much a matter of course for a court of equity to decree its specific performance as it is for a court of law to give damages for its breach."

See, also, section 745, Pomeroy's Equity Jurisprudence, volume 6.

There is a wide discretion in the trial court as to whether he will order specific performance or not, and, while that discretion is subject to review upon appeal, the appellant, unfortunately for him, has not brought into court the evidence submitted at the trial, and is therefore without any basis to urge that the court abused its discretion. The presumption, in the absence of a showing, is to the contrary.

The judgment of the trial court is affirmed.

JOHN WILSON ROSS, J., concurs.

CUNNINGHAM, C. J. (Dissenting).—The consideration supporting the contract of exchange of lands, that is, a promise for a promise, is, without any doubt, a good consideration, such as will support the contract. The question here presented is whether such consideration will, in equity, create such a contract as will be specifically enforced.

Contracts, to be specifically enforced, must be supported by valuable consideration; a good consideration is not sufficient. *Winter* v. *Goebner*, 2 Colo. App. 259, 30 Pac. 51, affirmed, 21 Colo. 279, 40 Pac. 570; 3 Pomeroy's Equity Jurisprudence, § 1405; *Shepherd* v. *Shepherd*, 1 Md. Ch. 244; *Butman* v. *Porter*, 100 Mass. 337. 3 Pomeroy's Equity Jurispru-

dence, section 1293, third edition, page 2589, says: "Equity will never enforce an executory agreement unless there was an actual valuable consideration." *Burling* v. *King*, 66 Barb. (N. Y.) 633; *Minturn* v. *Seymour*, 4 Johns. Ch. (N. Y.) 498; *Vasser* v. *Vasser*, 23 Miss. 378, citing cases.

The complaint shows conclusively that the plaintiff and the defendant are in the exact *status quo* as upon the twenty-fourth day of June, 1915. Each party yet owns and possesses the same right he or they owned and possessed on the day the offer to contract was duly accepted. Plaintiff's equities have not been violated; he has not suffered a loss. The defendants have acquired nothing rightfully belonging to the plaintiff. Will a court of equity compel defendants to receive something of value belonging to the plaintiff in order to take from the defendants a valuable thing and give it to the plaintiff? Such is the object sought by the complaint in this case, as appears from the face of the complaint. The answer in the line of the authorities is "No." The complaint fails to set forth facts sufficient to justify equitable relief. The court erred in overruling the demurrer.

The decree ought to be reversed.

For authorities discussing the question of specific performance of contract for conveyance not signed by wife, see note in 24 **L. R. A.** 763.