[Civil No. 4190. Filed February 17, 1941.]

[110 Pac. (2d) 238.]

SALIM ACKEL, Appellant, v. BRIGIDA ACKEL, Appellee.

Mr. Henderson Stockton and Mr. S. N. Karam, for Appellant.

Messrs. Lewkowitz & Wein, for Appellee.

LOCKWOOD, C. J.—This is an appeal by Salim Ackel from a judgment rendered in a suit wherein Brigida Ackel was plaintiff and Salim Ackel was defendant and cross-complainant. The undisputed facts affecting the appeal may be stated as follows.

Plaintiff and defendant were married December 5, 1900, and up to the time of the granting of a decree of divorce in the present action were husband and wife. Of that union four children were born, all of whom were of full age at the time this proceeding was initiated. Principally through the business sagacity and labor of defendant the parties had accumulated community property which at one time was worth close to half a million dollars, and consisted mostly of real estate located in Maricopa county. During the depression which started in 1932 this property, like other of the same character all over the land, depreciated con-

siderably in value and was heavily encumbered. In 1935 plaintiff and defendant formed a family corporation known as the Ackel Investment Company and deeded to it practically all of the community property. The court found on ample evidence this corporation was a mere form organized to delay creditors of the community, and its entire management and that of the community property remained at all times in defendant and he handled them as he saw fit. At some time in the early part of 1938 plaintiff became very dissatisfied with the existing relationship between herself and defendant, and commenced a suit for separate maintenance, setting up cruel and unusual conduct on the part of defendant. The matter came on for hearing in the superior court of Maricopa county, and on May 23, 1938, the court rendered judgment, finding in substance that to that time defendant had been guilty of no wrongful conduct nor acts towards plaintiff. This judgment was never appealed from and became final. Plaintiff evidently was not satisfied with the situation, and on July 20th filed a complaint asking for an absolute divorce from defendant and setting up therein cruel conduct occurring both before and after the separate maintenance action, which she alleged had caused her great mental and physical illness and made the continuance of the marital relation impossible. She asked for an absolute divorce and division of the community property, together with suit money and temporary alimony. After many preliminary and dilatory motions and pleas had been disposed of, defendant answered denying any conduct on his part justifying a divorce being granted to plaintiff, and cross-complained alleging that she had been guilty of cruel conduct and excesses towards him which made it impossible for him to continue the marital relation. The parties thus agreed upon the latter allegation, but disagreed vigorously as to who was responsible for

the situation. The matter finally came on for trial before the court sitting with a jury. A number of interrogatories were answered by the jury and in substance it found that each of the parties had suffered great mental anguish by reason of the situation, and that as a result of plaintiff's conduct, defendant shortly after the commencement of the action had left the marital home, but also impliedly found that defendant's conduct towards plaintiff was not unjustified. It further found that a large amount of property specified in the various answers to the interrogatories was community property, but failed to answer as to the nature of a certain piece of business property in Phoenix. The court itself, therefore, made a finding that this particular property was the separate property of defendant, and while it did not expressly adopt the findings of the jury on other matters, adjudicated practically all of the other property involved to be community property as found by the jury, divided it between the parties by specific parcels as it thought just, ordered that all of the community debts not specific liens against the real estate be paid by defendant and granted a decree of divorce in the following language:

"Now it is by the Court Ordered, Adjudged and Decreed that the bonds of matrimony, now and heretofore existing between plaintiff and defendant, be, and the same hereby are, dissolved."

It also ordered defendant to pay plaintiff $3,000 as attorney's fees and made this amount a lien upon his separate property. After this appeal was perfected, the trial court also ordered that defendant pay plaintiff $1,250 for costs and attorney's fees on appeal. No specific appeal was taken from this last mentioned order for the reason it is the contention of defendant that the order was wholly void because the court was

divested of any jurisdiction to make any order of this nature after the appeal was perfected.

There are twenty-eight assignments of error, grouped by defendant under eight propositions of law, which we consider on the general legal issues raised thereby. It is urged that the decree dissolving the bonds of matrimony above set forth is erroneous because under no theory of the case was plaintiff entitled to a divorce, and it should have been granted specifically to defendant. We have had a very similar situation in the case of *Brown* v. *Brown,* 38 Ariz. 459, 300 Pac. 1007, 1008. Therein we said:

"There are some fifteen asignments of error, which we shall consider on the legal propositions raised, and not *seriatim*. The first is that no valid decree of divorce was ever rendered in the case. This is based upon the theory that the judgment above set forth does not specify the grounds upon which it was rendered, or whether the decision is in favor of plaintiff or defendant. It is urged by counsel for defendant that such a judgment is void on its face.

"The general rule is that a judgment which does not show for and against whom it is entered will be void for uncertainty. [Citing cases.]

"The reason for the rule is obvious; ordinarily a judgment cannot be enforced unless it shows in whose favor it is, and against whom it is rendered. In a divorce case, however, when both parties ask for a divorce and it is granted, the fact that the judgment does not show on whose petition it was allowed does not affect its enforceability, for such a judgment always has the same legal effect; both parties are divorced.

"The judgment above set forth is definite and certain as to its effect, and we think that, since the reason for the general rule does not exist, in such cases it should not be applied thereto, and that it is unnecessary to the validity of a divorce decree under our law that the court state the reasons which impelled it to dissolve the bonds of matrimony. If our statute, like those of some other states, provided for a special

penalty for the guilty party, the situation would be different, but the result is the same for both, and no uncertainty in the decree is caused by its failure to state on whose petition it was granted.

"It is urged by defendant that if the court believed both parties had sustained their allegations no decree should have been granted, because of recrimination. This is undoubtedly the law, but we must presume, since the court did render a judgment of divorce, that it believed recrimination did not exist. It is doubtless true that it would have been a great satisfaction to the innocent party in this case to have it judicially declared that the other was at fault, but while this might have been advisable, a failure to do so does not affect the validity of the decree."

██ We think this rule is applicable to the situation appearing in the present case. The effect of the decree is the same whether it be granted specifically to either party or generally without reference to which is the more at fault, for both parties are divorced, and the settlement of property rights and the custody of children is always in the sound judicial discretion of the court, regardless of which of the parties is the more guilty. *McFadden* v. *McFadden,* 22 Ariz. 246, 196 Pac. 452. We think, therefore, that the decree is valid so far as the dissolution of the bonds of matrimony is concerned. This disposes of two other propositions of law which question the sufficiency of plaintiff's complaint and the conduct of the court in denying a directed verdict at the close of plaintiff's case. The error, if any, goes to the form and not to the substance.

██ The next question is whether the court had the authority to make an allowance of costs and attorney's fees to plaintiff pending the appeal. We have held frequently that after an appeal has been perfected the court loses jurisdiction of all matters connected with the case *except in furtherance of the appeal. Navajo R. Co.* v. *County Nat. Bank & Trust Co.,* 31 Ariz. 128, 250 Pac. 885; *Sam* v. *State,* 33 Ariz. 383, 265 Pac. 609.

Is the order questioned "in furtherance of the appeal"? Section 27–809, Arizona Code of 1939, reads as follows:

"Alimony and attorney's fees—Temporary Order. During the pendency of such action the court may in its discretion require the husband to pay as alimony any money necessary for the prosecution of the action, or for attorney's fees, or for the support and maintenance of the wife, or minor children of the parties, and may make such temporary orders respecting the property of the parties, or the custody of the children of the parties, as may be necessary."

■■ We have held that the court may, in its discretion, require the husband to pay all the expenses of the divorce proceeding, including attorney's fees, and that even after the entry of final judgment such orders may be modified from time to time. *Bradstreet* v. *Bradstreet,* 34 Ariz. 340, 271 Pac. 717; *Long* v. *Long,* 39 Ariz. 271, 5 Pac. (2d) 1047; *Brown* v. *Brown, supra.* The evident purpose of the statute is to insure that the wife may have the proper means to litigate a pending divorce action, and since the husband usually controls the community estate and funds, he may be required to advance such costs. While the statute does not expressly provide that this also covers the expenses of an appeal, since the effect of an appeal is to make the final issue of the action doubtful until it is determined, we think the spirit of the statute permits the trial court to make such an order "in furtherance of the appeal". We also think it is in the discretion of the court to secure this sum by a lien on the separate property of defendant. Section 27–805, Arizona Code of 1939.

This leaves but one question of law for our consideration, and that is whether the court abused its discretion in disposing of the community assets and liabilities.

The record in regard to the nature of the community property, its value and encumbrances and the unsecured community debts, which latter may by the action of the creditors eventually become a lien against each and all of the separate parcels of such property, is voluminous. We have considered it carefully, together with the presentation of the issues on this point by able and earnest counsel in the oral argument, and are convinced that under all the circumstances of the case, it is impossible now to make a division of the property and the debts by specific parcels which will not work an injustice to both parties and probably destroy the equities which they now possess jointly therein. The trial court made a most earnest and conscientious attempt to accomplish a task which was practically impossible, and we do not feel we could make a better immediate division. After careful consideration of the matter, we are of the opinion that under the peculiar circumstances there is one, and but one, method which offers a reasonable opportunity of working out the various interests and claims involved, so there may be a remnant for plaintiff and defendant, in their old age, of what was once an extremely valuable estate.

So far as we know there are no precedents for the course which we have determined upon, but if it is within the general principles of equity the fact that it has never been used before is no argument against its use when justice so requires. We have held that the marriage relation in Arizona, and particularly in regard to the community estate, is more analogous to a partnership than any other status known to our laws. *Cosper* v. *Valley Bank,* 28 Ariz. 373, 237 Pac. 175; *LaTourette* v. *LaTourette,* 15 Ariz. 200, 137 Pac. 426, Ann. Cas. 1915B, 70. It is universally held that when a partnership is dissolved and the partnership affairs are to be wound up, if it appears that the best

method of protecting the partnership assets until they may be finally divided is to place them in the hands of a receiver, under the jurisdiction of the court, this may be done. 47 C. J. 1217, and notes. The mere fact that it has not been done in the past in the case of a marital partnership is no reason why, if that is the best method to protect the partnership estate, it cannot and should not be done now. We are convinced that the interest of both plaintiff and defendant will be served by placing all of the community assets in the possession of a receiver acting under the direction of the superior court, for the purpose of adjusting the various community debts in such a manner as may best preserve the equity of the parties in the property until a division thereof can be made.

 Since this court has the power so to act under section 21–1832, Arizona Code of 1939, we think that portion of the judgment granting a divorce and attorney's fees and costs should be affirmed, and the portion disposing of the community property and liabilities reversed and the case remanded with instructions to place the whole community estate in the hands of a receiver acting under the order of the court, and to retain jurisdiction thereof until such time as it appears that it is in condition so that an equitable division of the assets may be made between the parties. Under such receivership a reasonable family allowance for plaintiff shall be the first charge against the assets. While we do not fetter the discretion of the trial court in a choice of receiver by any specific directions, we suggest that the ability of defendant, through whose efforts this estate was accumulated, and his interest in seeing that it is preserved at the least possible cost, may be worthy of consideration. Of course, if the trial court should determine to appoint defendant in this capacity, he should be required to give the same

 

security and act under the same strict supervision by the court as any other receiver.

The judgment is therefore affirmed as to the divorce, attorney's fees and costs, and reversed and remanded as to the community assets and liabilities in accordance with this opinion.

McALISTER, and ROSS, JJ., concur.