436 P.2d 157

ANONYMOUS, Appellant,

v.

ANONYMOUS, Appellee.

No. 1 CA–CIV 390.

Court of Appeals of Arizona.

Jan. 16, 1968.

Rehearing Denied March 11, 1968.

Review Denied April 16, 1968.

Stewart & Pickrell, by Harry A. Stewart, Jr., Phoenix, for appellant.

Lewis, Roca, Beauchamp & Linton by John L. Hay, Phoenix, for appellee.

HATHAWAY, Chief Judge.

The parties, who were married in 1947, became embroiled in marital difficulties culminating in these divorce proceedings instituted on complaint of the husband alleging adultery as grounds and a counterclaim by the wife alleging excesses and cruelty. In an effort to avoid further denigration of the parties and the child, we have declined to name them in our decision. After trial to the court, sitting without a jury, judgment was entered:

1. Dissolving the marriage (the decree did not specify in favor of whom or against whom it was granted);

2. Awarding custody to the defendant of the parties' nine-year old daughter;

3. Ordering the husband to pay child support in the sum of $75 per month;

4. Awarding the house and furniture (community property) to the wife.

■ The appellant contends that the trial court should have entered the decree of divorce in his favor and against the appellee. His contention is based on the doctrine of comparative rectitude permitting the granting of a decree of divorce to the party "least at fault." Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A. L.R. 1127 (1929); Hove v. Hove, 219 Minn. 590, 18 N.W.2d 580, 159 A.L.R. 731 (1945). We believe it unnecessary that we consider this contention at length. The decree would add nothing by acquitting one and blaming the other. The trial court may have taken a step to ending the rancor between the embittered parties through the omission of reference to guilt. The decree has served its purpose in unfettering the parties from their destroyed marriage. Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931); Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549 (1941).

Our chief concern on this appeal is in the custody award. The reason for our concern is obvious in view of the wife's adultery on numerous occasions with various individuals which was established in the uncontradicted evidence. She admitted specific acts of adultery in her deposition which was introduced in evidence. At trial she refused to answer questions relating to such activities for the reason that the answers might tend to incriminate her. She admitted having sexual relations with individuals with whom she was only slightly acquainted. After the divorce proceedings were instituted, she met a person whom she knew only as "Jim" in a bar and went with him to a golf course where a detective hired by her husband photographed them in an act of sexual intercourse. This is not the only instance in the record of such casual promiscuity.

■ Loathe as we are to interfere with a trial court's determination in matters of child custody we are here compelled to intercede. The defendant's shameless rampage of adultery, established through admission and unrepudiated evidence, demonstrates she is morally unfit to have custody. Braun v. Braun, 31 Wash.2d 468, 197 P.2d 442 (1948); Kellogg v. Kellogg, 187 Or. 617, 213 P.2d 172 (1949); Shrout v. Shrout, 224 Or. 521, 356 P.2d 935 (1960).

Testimony on the defendant's behalf that she kept a clean house and kept the daughter clean and well clothed and loved her, though harmonious with the child's welfare and best interest, is forcefully overthrown by the defendant's frequent late hours and libidinous endeavors amounting to a virtual abandonment of the child. Placing the child in the custody of one with such proclivities, particularly at the child's present critical age where wholesome guidance and example are essential, is incompatible with the child's best interests. To permit the defendant's retention of custody would fix licentiousness as an acceptable standard for the young. This, we will not tolerate. We will not speculate that the defendant has abandoned her iniquitous ways—we can only hope. We cannot gamble the child's welfare on that hope.

In Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489 (1950), relied upon by both parties, the Arizona Supreme Court upheld a custody award in favor of the wife against whom charges of adultery had been

proven. There, the children were 3½ years old and 20 months old and unable to comprehend their mother's conduct which transpired a year and a half before trial and followed five months later by an accident in which she sustained serious injuries. The Supreme Court found that the mother's incapacity occasioned through her injuries operated as a sufficient basis in the record for sustaining the trial court's award of custody to her in operating as a cooling off period, giving her " * * * time to contemplate the error of her ways * * *." The Supreme Court observed:

"After the children, by reason of their age, are capable of discerning or of being influenced in any degree by any misconduct of plaintiff, should it be made to appear upon application by defendant for change of custody that plaintiff has been guilty of conduct such as was indicated in the diary (received in evidence in this case) *it would be the duty of the court in consideration of the best interests of the children to remove them forthwith from her custody.*" (Emphasis supplied.) 71 Ariz. at 208, 225 P.2d at 495.

The instant record is barren of any justificative condition as found in *Grimditch*. We are in no position, acting in our appellate capacity, to make a suitable award of custody. The evidence would indicate that the father also is not without blemish. We deem it essential that the trial court promptly conduct further proceedings including inquiry into the fitness of the father and that a determination be made, in keeping with the best interests of the child, placing her in the custody and care of a morally fit and suitable person.

Since the trial court may on further inquiry determine that neither parent should have custody and that a different property disposition or support provision is required, the portions of the decree relating to custody and disposition of the community property are vacated and it is ordered that further proceedings consistent with this decision be promptly held.

The appellant makes a final contention that under the circumstances of this case the appellee is not entitled to attorney's fees on appeal. Counsel for appellee points out in their brief that the order to pay attorney's fees for defense of this appeal was entered after the judgment appealed from was entered and no appeal was taken from the order directing payment of such fees. The appellant did not reply to this contention and we conclude that he has abandoned this issue. In view of the disposition on this appeal, we deem it unnecessary to consider other points raised.

MOLLOY, J., and JOHN A. McGUIRE, Superior Court Judge, Concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.