464 P.2d 356

Jeannine A. REXING, Appellant,

v.

Francis T. REXING, Appellee.

No. 1 CA-CIV 1030.

Court of Appeals of Arizona, Division 1.

Department B.

Jan. 27, 1970.

William P. Lutfy, and Richard R. Brennan, Phoenix, for appellant.

Burton & Weeks, by Phillip Weeks, Phoenix, for appellee.

HAIRE, Judge.

An action seeking an absolute divorce was instituted by the appellee husband herein. His wife answered and filed a counterclaim for separate maintenance. From a decree of absolute divorce entered by the trial court, the wife has appealed.

The appellant wife initially asserts that the divorce decree is void because she was not afforded the full time allowed under Rules 58(d) (1) [1] and 6(e),[2] Rules of Civil Procedure, to file objections to the form of the decree which was entered herein. The facts pertinent to this contention are as follows:

After trial to the court, the judge advised counsel for the plaintiff husband (appellee herein) to prepare a formal written decree. Thereafter, that decree was lodged with the court and with appellant's attorney. The appellant, pursuant to Rule 58(d), filed her objections to the form of the decree. A hearing on those objections was held on September 6, 1968, and some changes were made in the decree. A revised decree incorporating those changes was lodged with the trial court and mailed to appellant's attorney on September 13, 1968. It was signed by the court on September 20, 1968.

From the foregoing it is apparent that as to the first proposed decree appellant had the full benefit of Rule 58(d), and in fact filed objections to the form of the proposed decree, but that the revised decree which followed the hearing on appellant's initial objections was signed by the court before the passage of the full time contemplated by Rules 58(d) and 56(e). Therefore, the question presented is whether or not appellant was entitled to a second application of Rule 58(d), that is, whether under the facts Rule 58(d) applies to the lodging and signing of the revised decree.

There are no prior Arizona decisions on this precise question, nor has counsel cited any applicable decisions from other jurisdictions. To interpret the rule to require the granting of multiple and continuous opportunities for a litigant to object to the form of a judgment would in our opinion entail undue delay and expense. Clearly the purpose of the five day delay required by Rule 58(d) is to enable the losing party to present for determination by the court that party's objections to the contents of a judgment proposed by the successful party. We believe that this purpose is adequately served by allowing objections to the form of judgment initially proposed, and that Rule 58(d) does not require that a party be given the opportunity to object to the form of a revised judgment which is the result of the court's ruling on the same party's objections to the initially proposed judgment. We therefore hold that appellant was afforded the complete benefit of Rule 58(d). She had a full hearing on the merits of her objections to the proposed form of judgment and the trial court was not required to give her another such opportunity. Further, it might also be noted that a failure to comply with Rule 58(d) is not reversible error absent a showing of prejudice. Foster v. Ames, 5 Ariz.App. 1,

1. "In case of a judgment other than for money or costs, or that all relief be denied, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval as to form. The five-day provision may be waived by the court only upon an express written finding by minute order or otherwise of necessity to shorten time or to enter judgment without notice."

2. "Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period."

422 P.2d 731 (1967). There has been no showing here of prejudice.

Appellant next argues that the trial court erred in entering a decree granting the plaintiff and defendant an absolute divorce from each other, when both parties did not seek a divorce.[3] Appellant does not, and in view of the many Arizona decisions upholding the "Brown" type of divorce decree, could not, seriously contend that a trial court may not under certain circumstances enter a divorce decree which merely dissolves the bonds of matrimony between the parties without specifically granting the divorce to one party or the other.[4] Appellant's argument is that the Brown type of decree cannot be entered when under the pleadings only one of the parties (here the appellee) has requested a divorce.

In our opinion the reasoning set forth in Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931), and the subsequent Arizona decisions upholding the Brown type of decree applies equally to the case at hand. The argument raised in Brown was that because the judgment in that case did not show on its face for or against whom it was entered, it was void for uncertainty. In denying this contention the court held that such arguments were not applicable in divorce cases, for the reason that the decree always has the same legal effect—both parties are divorced. Such a judgment is definite and certain as to its effect; it dissolves the bonds of matrimony which previously existed between the parties. The court in Brown noted that if our law had provided a special penalty for the guilty party, the situation might have been different.

Further, it appears to us that in this case even though the judgment merely granted the divorce without specifying the party to whom it was granted, it clearly constituted a finding that the appellee who sought the divorce was entitled to it, and that the divorce was being granted in favor of the person seeking the divorce and against the person who was resisting the divorce. This is in accord with the rule adopted in most jurisdictions. 24 Am.Jur. 2d Divorce and Separation Sec. 420 (1966). Moore v. Moore, 101 Ariz. 40, 415 P.2d 568 (1966), cited by appellant, is easily distinguishable. In that case the facts did not support the granting of a divorce to either party. Therefore the Supreme Court reversed the trial court's entry of a Brown type decree, holding that divorce could be granted only upon the proof of one of the grounds set forth in the Arizona statutes.

In our opinion there is another reason why appellant cannot now urge as error the entry of a "Brown" type decree in this matter. Appellant does not contend that the evidence was insufficient to support the granting of a divorce to the appellee, but rather merely attacks the language used by the court in granting that divorce. As stated by the court in Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238 (1941), in discussing a similar objection to a "Brown" decree, "The error, if any, goes to the form and not to the substance." 57 Ariz. at 20, 110 P.2d at 241. Notwithstanding the fact that the Brown type language was used in the original proposed decree, appellant failed to include in her numerous objections thereto any objection to the granting of a Brown type decree nor did she otherwise call to the trial court's attention the error

3. The provisions of the decree relating to the granting of the divorce read as follows:
   "1. That the plaintiff and the defendant be and they are hereby granted and [sic] absolute divorce from each other and the bonds of matrimony heretofore existing between them are hereby dissolved;"

4. The "Brown Decree" is derived from an early Arizona case upholding the validity of such a divorce decree. Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931); see also Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549 (1941); Grimditch v. Grimditch, 71 Ariz. 198, 225 P. 2d 489 (1950), modified, 71 Ariz. 237, 226 P.2d 142 (1951); Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648 (1961); and Anonymous v. Anonymous, 7 Ariz. App. 63, 436 P.2d 157 (1968).

now urged. It is the generally accepted rule that a question must be presented first to the trial court before it can be raised on appeal. Milam v. Milam, 101 Ariz. 323, 419 P.2d 502 (1966); Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P.2d 578 (1967); Weston v. State ex rel. Eyman, 8 Ariz.App. 58, 442 P.2d 881 (1968). Pursuant to the provisions of Rule 58(d) appellant had an opportunity to present her objections to the form of the decree and completely failed to object to the language which she complains of now.

■ Appellant next contends that when the court entered a Brown decree in this matter, this in effect constituted a finding that the appellee had been guilty of recriminatory acts. This contention is not valid. The trial court in its decree expressly found that "the material allegations of the complaint and of the counterclaim are true." However, this finding by the trial court of facts which possibly could have formed a basis for the defense of recrimination does not necessarily mean that the trial court was required to refuse to grant the divorce prayed for by appellee. In Arizona, the doctrine of recrimination is an equitable principle to be applied to the facts of each case by the trial court with a consideration for the interests of the public. Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648 (1961), Brown v. Brown, *supra;* see also 4 Ariz.L.Rev. 88 (1962). As stated by the court in Matlow:

"To hold that *any* recrimination would bar a divorce would be a degradation of marriage and a frustration of its purposes for then the courts would be using recrimination as a device for punishment. If the marriage has failed and the family life has ceased, the purposes of marriage are no longer served. In such case public policy will not discourage divorce since the relationship of husband and wife is such that the legitimate functions of marital life have been destroyed. The doctrine of recrimination, like the doctrine of unclean hands of which it is a part, is not a mechanical doctrine but an equitable principle to be applied to the facts of each case and with a consideration for the interests of the public." (Emphasis in original). (89 Ariz. at 296–297, 361 P.2d at 650).

■ We do not believe that the trial court abused its discretion in failing to apply the doctrine of recrimination in this case, especially in view of the fact that this affirmative defense was neither pleaded nor raised by counsel at the time of trial.

■ Appellant next contends that the trial court abused its discretion by awarding an inadequate sum for child support. As appellant admits, whether a trial court abuses its discretion in such a matter depends largely upon the facts of the case as revealed by the evidence before the trial court. Cf. Bergman v. Bergman, 1 Ariz. App. 209, 401 P.2d 163 (1965). However, we are unable to undertake a review of the evidence as only one of the four exhibits presented to the trial court is in the record on appeal. There were four exhibits placed in evidence before the trial court; #1, a statement of monthly income and expenses; #2, payroll check stubs; #3, appellee's employer's record of appellee's payroll record; #4, appellee's 1967 income tax return. Only exhibit #3 was included in the record on appeal. We deem the exhibit relating to monthly income and expenses especially crucial to determining whether under the facts of the case there was an abuse of discretion by the trial court. Under such circumstances we cannot say whether, under the facts of the case, the trial court abused its discretion. Kimball v. Statler, 20 Ariz. 81, 176 P. 843 (1918); Evans v. Scottsdale Plumbing Co., 10 Ariz.App. 184, 457 P.2d 724 (1969); Chemi-Cote Perlite Corp. v. Harborlite Corp., 4 Ariz.App. 268, 419 P. 2d 398 (1966).

■ Appellant's final contention is that the trial court erred in failing to award attorney's fees to appellant's attorney for prosecuting this appeal. This question also addresses itself to the discretion of the trial court, see Dyer v. Dyer, 92 Ariz. 49, 373 P.2d 360 (1962), and we are again faced

with an incomplete record. In addition, the formal written order denying appellant's motion for attorney's fees on appeal was entered on November 12, 1968, almost two months after the final judgment and notice of appeal were filed (both the judgment and notice of appeal were filed on September 20, 1968). The formal written order denying attorney's fees on appeal was clearly an appealable order under A.R.S. Sec. 12–2101, yet no notice of appeal from that order was filed as required by Rule 73(b), Rules of Civil Procedure, 16 A.R.S. In the absence of a timely appeal, we are without jurisdiction to decide that question. *See* Rule 73(a), Rules of Civil Procedure, 16 A.R.S.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.