511 P.2d 664

**Mary J. REID, Appellant,**

v.

**James E. REID, Appellee.**

**No. I CA–CIV 1866.**

Court of Appeals of Arizona,
Division No. 1.

July 3, 1973.

Richard R. Brennan, Phoenix, for appellant.

Otto H. Linsenmeyer and Gerald G. Eastman, Phoenix, for appellee.

KRUCKER, Judge.

Appellant, Mary J. Reid, was the defendant in a divorce action below. Appeal is taken from the final judgment and the order denying costs and attorney's fees on appeal.

The first question presented is whether the trial court had discretion to change or add to the items contained in the minute entry order for judgment when signing the final judgment. The appellant claims that it was error to change the "substance" of the decree after hearing an argument on the "form" of the decree. The second question is whether the court erred in denying appellant's petition for the allowance of costs and attorney's fees on appeal.

For convenience, the plaintiff-appellee will be referred to as James and defendant-appellant as Mary.

The minute entry reflects the granting of an absolute divorce to James. Among other things it provided that (1) James would pay Mary $75 per month alimony until Mary died, remarried or was earning $125 per month; (2) Mary would be awarded as her sole and separate property the family house theretofore owned by the parties in joint tenancy; and (3) James should pay Mary's attorney's fees of $450. Appellant's attorney prepared the form of judgment, including the above plus an additional $300 in attorney's fees. Appellee's attorney objected under the authority of Rule 58(d), as amended, Rules of Civil

Procedure, 16 A.R.S.[1] and there was a hearing. Subsequently, the court issued a minute entry order that the judgment and decree be revised to (1) cease the $75 alimony payments at the end of six months; (2) award the family home to Mary with a $7,000 lien attached in favor of James and (3) specify that total attorney's fees should be $450.

The answer to the first question depends on whether a minute entry order is a final judgment. The Arizona Supreme Court has stated that a minute entry is not an appealable order under A.R.S. § 12–2101 unless it complies with the procedural requirements of Rule 58(a), Rules of Civil Procedure, 16 A.R.S., that it be in writing, signed by the judge and filed with the clerk of the court. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964). For that reason alone the minute entry order in the instant case is not a final judgment in the sense that it is appealable. Even when procedural requirements of Rule 58(a) for finalizing a judgment have been complied with, our legislature has provided a means for opening a judgment and directing entry of new judgment under Rule 59(e), Rules of Civil Procedure, 16 A.R.S. Pursuant to this rule the Arizona Supreme Court in Krug v. Porter, 83 Ariz. 108, 317 P.2d 543 (1957) upheld the lower court's opening of the original judgment in favor of plaintiff and subsequent ruling in favor of defendants. Clearly, the trial court has discretion to change its mind in order to render a correct decision.

If the court has such discretion as afforded by rule 59(e) after entry of judgment, surely it has the same discretion *prior to* entry of judgment. Rule 58(a), Rules of Civil Procedure, 16 A.R.S. It would not be in the best interests of the parties involved to limit determination of the issues to the time prior to issuance of a minute entry order. This is especially true in a sensitive matter such as a divorce action where a decision must be made on what is often a complex set of facts. The trial judge needs ample opportunity to weigh and consider and reconsider, if necessary, the evidence in order to apportion responsibilities and property fairly. The appellant obviously recognized the value of this flexibility because she made an addition[2] to the minuate entry order in her proposed form of judgment, apparently feeling that the judge in his discretion would revise his decision evidenced in the minute entry order. Furthermore, the parties should have been aware of the fact that the court did not intend the minute entry order for judgment to be inalterable, as reflected by the following comment of the court at the conclusion of trial:

"It's been my experience whenever I take these domestic relation things under advisement and try to award child support and divide the property and that I always make a mistake of some kind because I misunderstood something. So I'll make an order on it and give each counsel an opportunity to object to it. I may have overlooked something, I may

1. Rule 58(d), as amended, states:
   Objections to form. 1. In case of a judgment other than for money or costs, or that all relief be denied, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval as to form. The five-day provision may be waived by the court only upon an express written finding by minute order or otherwise of necessity to shorten time or to enter judgment without notice.
   2. If objection to the form of the judgment is made within the time provided in paragraph 1 of this subdivision, the matter shall be presented to the court for determination.
   3. The requirements of this Rule shall not apply to parties in default.

2. Appellant's proposed form of judgment required the husband to give 72 hours notice if he was not going to exercise his visitation privilege. The minute entry was silent on the notice issue.

have got the wrong impression about something, something of that kind."

In fact, after issuance of the order, the judge corrected a mistake of law regarding the award of the family home to the wife. The recent case of Becchelli v. Becchelli, 109 Ariz. 229, 508 P.2d 59 (1973), stated that the trial court must divide joint tenancy property *equally*. By imposing a $7,000 lien representing one half the value of the family home, the judge was properly applying the law. According to appellant, since this was a substantive change the judge should not have been allowed to make the correction.

The important consideration with regard to objections to form of judgment under Rule 58(d) is that the parties have an opportunity to be heard. In Rexing v. Rexing, 11 Ariz.App. 285, 464 P.2d 356 (1970), the appellant objected to the proposed form of judgment, there was a hearing, the court revised the judgment making some changes but apparently not all of the changes suggested by appellant and then entered the judgment without further argument. The appellate court upheld this procedure stating:

> "Clearly the purpose of the five day delay required by Rule 58(d) is to enable the losing party to present for determination by the court that party's objections to the contents of a judgment proposed by the successful party. We believe that this purpose is adequately served by allowing objections to the form of judgment initially proposed, and that Rule 58(d) does not require that a party be given the opportunity to object to the form of a revised judgment which is the result of the court's ruling on the same party's objections to the initially proposed judgment. We therefore hold that appellant was afforded the complete benefit of Rule 58(d). She had a full hearing on the merits of her objections to the proposed form of judgment and the trial court was not required to give her another such opportunity." 11 Ariz. App. at 287, 464 P.2d at 358.

In the instant case appellant was given *two* opportunities to argue the *same* issues. We should also point out that the court, in *Rexing,* was of the opinion that Rule 58(d) allows objections to *contents* of the proposed form of judgment.

Appellant refers in her brief to Harrington v. White, 48 Ariz. 291, 61 P.2d 392 (1936), as support for her proposition that there is a difference between form and substance of judgment. The case involved Rule 7, the predecessor to Rule 58(d). However, the section she cited ("The object and purpose of the particular rule is to secure to the parties full opportunity to consider and to object to and to be heard on the form of the order.") is merely a restatement of Rule 7, which required that a party be given the opportunity to "object to the form of judgment." The dissent in *Harrington* is more helpful in determining the meaning of the phrase "form of judgment". It appears that the underlying purpose of Rule 58(d) and its predecessor, Rule 7, was simply to assure that a judgment would conform to the pleadings and the evidence:

> "It will be noticed that the appellant does not complain of the form of the judgment but simply that he was not privileged to approve or disapprove it before it was signed by the judge. There is no suggestion that the judgment did not conform with the pleadings or the proof or the verdict. The purpose of the notice by the court of its decision to the parties is that they may assist the court in making the judgment *conform to the pleadings and the proof.*" (Emphasis added) 48 Ariz. at 296, 61 P.2d at 394.

In the instant case there are sufficient facts in evidence which might reasonably support the judgment below.

■ Appellant's contention that the trial court erred in denying her petition for award of attorney's fees and costs on appeal is without merit. The allowance of these appeal expenses is committed to the trial court's discretion. Rexing v. Rexing,

supra. The financial circumstances of the parties may be considered by the trial court in making its determination as to such allowance. Nesbitt v. Nesbitt, 1 Ariz.App. 293, 402 P.2d 228 (1965). Since we are unable to find a manifest abuse of discretion, we may not interfere with the lower court's decision.

For the foregoing reasons, the judgment below is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.