740 P.2d 963

**In re the Marriage of Michael S. REED, Petitioner-Appellant,**

**v.**

**Michele M. REED, Respondent-Appellee.**

**No. 1 CA–CIV 9116.**

Court of Appeals of Arizona, Division 1, Department B.

June 25, 1987.

Reconsideration Denied Aug. 11, 1987.

Craig Mehrens, Phoenix, for petitioner-appellant.

Burch & Cracchiolo by Shari I. Howard, Phoenix, for respondent-appellee.

## OPINION

EUBANK, Judge.

In this appeal petitioner, Michael S. Reed, contests the trial court's order modifying the dissolution decree by increasing the amount of his monthly obligation to support his two children from $800.00 to $1900.00.

## I. ISSUES

Petitioner raises the following issues: (1) whether the trial court erred in denying petitioner's request that it make findings of fact and conclusions of law pursuant to Rule 52, Arizona Rules of Civil Procedure, in connection with the hearing on respondent Michele M. Reed's petition for modification; (2) whether the trial court abused its discretion in increasing petitioner's child support obligations; (3) whether the trial court abused its discretion in denying petitioner's request for a postponement of the modification hearing due to respondent's mid-hearing production of previously-subpoenaed documents; and (4) whether the trial court erred in precluding petitioner from contesting the accuracy and reasonableness of an affidavit of respondent's counsel in support of respondent's claim for attorney's fees. Our jurisdiction is founded on A.R.S. § 12–2101(E).

## II. FACTS

Petitioner and respondent were married on April 9, 1972. Their daughters Ivy and Heather were born April 6, 1973 and March 3, 1975, respectively. On December 26, 1980, petitioner filed a petition for dissolution of marriage.

A decree of dissolution of marriage was entered on March 4, 1982. The decree awarded respondent custody of Ivy and Heather. It further obligated petitioner to pay respondent spousal maintenance of

$400.00 per month for eighteen months and child support of $400.00 per month for each child.

On December 18, 1985, respondent petitioned to modify the decree of dissolution. Her petition alleged that respondent's and the children's financial circumstances had worsened substantially since the decree of dissolution because of increases in living costs, and that during the same time petitioner's income had substantially increased. The petition alleged that because of petitioner's greatly improved financial circumstances and the children's increased needs, petitioner should be ordered to pay a sum greatly in excess of $800 per month as child support.

On February 12, 1986, petitioner filed a request for findings of fact and conclusions of law pursuant to Rule 52(a), Arizona Rules of Civil Procedure. Respondent's petition for modification was heard on April 28 and 29, 1986. At the hearing Judge de Leon expressed his opinion that Rule 52(a) applied only to trials and denied petitioner's request for findings of fact and conclusions of law. The trial court also stated: "I will, however, be recording the opinion by minute entry. So that's all you need is my decision on record."

The trial court took the petition for modification under advisement on April 29, 1986. The next day it issued a minute entry in which it ordered an increase in petitioner's support obligation from $400 per month per child to $950 per month per child and discussed its reasons for doing so.

On May 15, 1986, the respondent lodged a form of order corresponding to the minute entry of April 30, 1986. On May 20, 1986, petitioner filed objections thereto. On June 10, 1986, following oral argument, the trial court overruled petitioner's objections and approved and signed the formal order respondent had lodged previously. The order was entered June 11, 1986. This appeal followed.

### III. RULE 52(a) REQUEST

Petitioner first contends the trial court erred in denying his timely request for findings of fact and conclusions of law pursuant to Rule 52(a), Arizona Rules of Civil Procedure. He argues that the word "trial" in Rule 52(a) should be interpreted to include all adversarial hearings which affect the parties' rights, including the hearing below on respondent's motion to modify child support. In response, respondent urges that we need not address that argument because the formal modification order contains specific findings of fact and conclusions of law sufficient to comply with Rule 52(a). She reasons that the trial court's order made findings on all the "ultimate facts" and need not have been more specific. In reply, petitioner urges that the trial court's order made no findings concerning the ultimate facts of the case, but instead did nothing more than state and restate its ultimate conclusion.

■ We agree that the trial court erred in holding that Rule 52(a) applies only in connection with the "trial" of a civil action. Rule 52(a) provides in part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court, if requested before trial, shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or minute entry or memorandum of decision filed by the court.

The purpose of requiring the trial court to make findings of fact and conclusions of law, when requested to do so, is to enable the appellate court to examine the basis on which the trial court reached its ultimate judgment. *Ellingson v. Fuller*, 20 Ariz. App. 456, 513 P.2d 1339 (1973); SMITH, *Arizona Practice* § 421 (1986). In our opinion the need for that kind of illumination arises not only from the actual "trial" of a civil action, but from any adversarial hearing or proceeding at which the trial court hears evidence and resolves disputed factual issues. We have previously recognized that Rule 52(a) applies to hearings tried on the facts as well as to trials. *Maryland National Insurance Co. v. Ozzie*

*Young Drilling Co.,* 22 Ariz.App. 195, 197, 526 P.2d 402, 404 (1974). The language of Rule 52(a) is not inherently so inflexible as to mandate the strictly limited interpretation the trial court placed upon it in this case.

Decisions which have interpreted procedural rules similar to Rule 52(a) have come to the same conclusion. The court in *Becker v. Becker,* 262 N.W.2d 478 (N.D.1978), considered an Idaho rule similar to Rule 52(a), Federal Rules of Civil Procedure.[1] In *Becker* the appellee moved to increase the appellant's child support obligations, and the trial court granted the requested modification after an evidentiary hearing. In discussing the appellant's challenge on appeal, the North Dakota court stated:

> At first blush, Rule 52(a) appears to except decisions on motions, other than certain motions to dismiss not here relevant, from the preparation of findings of fact and conclusions of law. The reason for this is simple: most motions are not tried upon the facts. Motions to modify divorce decrees are exceptions. A fact-finding process is necessary before it can be determined that the requisite material change in conditions has occurred. See *Voskuil v. Voskuil,* 256 N.W.2d 526, 530 (N.D.1977).

262 N.W.2d 478, 481 (Footnotes omitted).[2] The *Becker* Court went on to hold that the trial court had formulated the required findings of fact and conclusions of law in its oral opinion at the conclusion of the evidentiary hearing. In *Tennyson v. Tennyson,* 381 A.2d 264 (D.C.Cir.1977) the United States Court of Appeals reversed an order eliminating a former husband's alimony obligation and increasing his child support obligation because the trial court had failed to make findings of fact and conclusions of law required under a rule similar to Rule 52(a), Federal Rules of Civil Procedure. Noting that the trial court had

made no findings concerning the amount by which the child's financial needs had increased since the original decree, the court stated:

> The proceedings in this case illustrate the necessity of compliance with the requirement that the court "make written findings of fact ... which constitute the grounds of its action." Super.Ct.Dom. Rel. R. 52(a). One of the purposes of this rule is to ensure that litigated facts and issues are sufficiently detailed to bring into effect the doctrines of finality. *See* Advisory Committee Note to 1948 Amendment of Fed.R.Civ.P. 52(a), 5 F.R.D. 433, 471 (1946). Since the grounds for modification must be a change in circumstances, those changes must be detailed, not only to support the modification but to prevent the relitigation of facts and issues in the future. *See Sheridan v. Sheridan,* D.C.App., 267 A.2d 343, 346 (1970).

381 A.2d 264, 267. *Cf. King v. Wall & Beaver Street Corp.,* 79 U.S.App.D.C. 234, 145 F.2d 377 (D.C.Cir.1944) (trial court properly made findings of fact and conclusions of law in connection with evidentiary hearing on motion to dismiss for lack of personal jurisdiction and improper service of process). *See generally Williamson v. Tucker,* 645 F.2d 404, 58 A.L.R. Fed. 371 (5th Cir.1981); 5A *Moore's Federal Practice,* 2d Ed., ¶ 52.08 at 52–183 and 52–184 (1986).

■ We next consider whether, in any event, the trial court's order increasing petitioner's child support obligation effectively complied with Rule 52(a). The trial court reasoned:

> THE COURT FINDS that at the Order to Show Cause hearing the mother proved that since the dissolution the father has substantially and continuously improved his financial circumstances.

---

1. Unlike Rule 52(a), Arizona Rules of Civil Procedure, both the Idaho and Federal rules require the court to make findings of fact and conclusions of law whether requested or not, and provide: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

2. *Accord Corbin v. Corbin,* 288 N.W.2d 61 (N.D. 1980); *Clark v. Clark,* 89 Idaho 91, 403 P.2d 570 (1965) (modification of child custody); *Sanders v. Monsanto Co.,* 574 F.2d 198 (5th Cir.1978) (contempt proceeding).

The father, as a chiropractor, has enjoyed a significant and continuing increase in both his personal income, mainly by way of fringe benefits and his wholly-owned medical provider corporate income, as well as overall substantial and continuing increase in his personal and corporate financial holdings. On the other side, since the dissolution, the mother has struggled to make a liveable [sic] income and to contribute to the support of her two daughters.

At the Order to Show Cause hearing the mother established a substantial and continuing change of circumstances in connection with significant increases in living costs for her household and for her caring and providing for the needs of her two minor daughters.

The court determines that an increase in child support is justified based on the mother's showing of changed circumstances that are substantial and continuing. . . .

Respondent contends that the only "issue of ultimate fact" the trial court was required to resolve was whether petitioner made "a showing of changed circumstances which are substantial and continuing" under A.R.S. § 25-327(A), and that the "findings" in the trial court's modification order were therefore sufficiently comprehensive to provide a basis for its decision. · *See Gilliland v. Rodriguez*, 77 Ariz. 163, 268 P.2d 334 (1954). We disagree.

In determining whether there exist substantial and continuing changed circumstances for a modification of child support, the trial court must consider the specific factors set forth in A.R.S. § 25-320(A) on which initial determinations of appropriate child support are to be based. *See Norton v. Norton*, 101 Ariz. 444, 420 P.2d 578 (1966). A.R.S. § 25-320(A) provides:

> In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child, born to or adopted by the parents, to pay an amount reasonable and necessary for his support, without

regard to marital misconduct, after considering all relevant factors, including:
1. The financial resources and needs of the child.
2. The financial resources and needs of the custodial parent.
3. The standard of living the child would have enjoyed had the marriage not been dissolved.
4. The physical and emotional condition of the child, and his educational needs.
5. The financial resources and needs of the non-custodial parent.
6. Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.

In this case the trial court ordered petitioner's child support obligation increased from $800 to $1900 per month because it concluded that: (1) petitioner had enjoyed a "significant and continuing increase" in his personal income and in his personal and corporate financial holdings; (2) respondent had struggled to make an income she could live on and to contribute toward supporting her two daughters; and (3) respondent's living costs for her household and for caring and providing for her daughters' needs had "substantial[ly]" increased. In our opinion these determinations are not sufficiently comprehensive to reveal any reasonable basis for the $1100 monthly increase the trial court ordered. Although the trial court determined that there had been "substantial and continuing" increases in respondent's living costs for her household and for her daughters' needs, it did not attempt to assign a specific amount or range to those increases, or determine what proportion of the total increase was actually attributable to the needs of the children. The trial court also made no findings concerning what respondent was currently earning and whether her income had changed since the decree of dissolution. Further, though the trial court determined that petitioner's personal income had increased significantly and his financial holdings had increased substantially, it made no findings which even attempted to quantify those determinations within a range of spe-

cific figures, and additionally made no determination at all concerning petitioner's own financial needs. The trial court also omitted any findings on the question of what standard of living the parties' children would have enjoyed had the marriage not been dissolved. And most importantly, the trial court failed to set forth even the most rudimentary arithmetic basis for the particular monthly increase it ordered petitioner to pay. In short, the trial court's limited, generalized determinations failed to address whether there had been changes in many of the crucial child support factors the trial court was required to consider under A.R.S. § 25–320(A). The determinations the trial court actually articulated were insufficient to provide a basis for the trial court's decision, and accordingly did not comply with Rule 52(a), Arizona Rules of Civil Procedure. *See Gilliland v. Rodriguez*, 77 Ariz. at 167, 268 P.2d at 337.

## IV. SUFFICIENCY OF THE EVIDENCE

■ If the inadequacy of the trial court's findings of fact and conclusions of law were the only defect in this case, a limited remand for compliance with Rule 52(a), pursuant to *Miller v. McAlister*, 151 Ariz. 435, 728 P.2d 654 (App.1986), would be appropriate. Our review of the record, however, indicates that the evidence was itself insufficient to support the particular child support increase the trial court ordered. No evidence was introduced from which a specific dollar figure or range of figures could be calculated for the average monthly expense of maintaining the children. Similarly, there was no evidence from which respondent's average monthly personal needs and expenses could be calculated, and hence no evidentiary basis for determining whether or in what amount she could herself contribute toward her children's support.[3] *See Edgar v. Johnson*, 152 Ariz. 236, 731 P.2d 131, 132 (App.

1986). There was also no evidence from which petitioner's own average monthly personal needs and expenses could be calculated and accordingly no evidentiary basis for placing a range of dollar values on the standard of living the children would have enjoyed if the parties' marriage had not been dissolved.

The only evidence that came close to providing specific economic data concerning respondent and her children was respondent's spousal affidavit. That affidavit reflected that respondent's income increased by $616.00 per month (from $1,000.00 to $1616.00) over the period between the decree of dissolution and the petition for modification of child support. Although the affidavit purported to summarize changes in a long list of living expenses attributable to respondent and her children, for the most part it summarized only the total increases in the expenses of respondent's household as a whole, with no breakdown or allocation between the children's and respondent's separate needs. Compare *Brevick v. Brevick*, 129 Ariz. 51, 628 P.2d 599 (App.1981). The affidavit's summary sheet reflected that respondent's and her children's total expenses and debt payments increased over the relevant period by $1,566.92 (from $2,331.00 to $3,897.92). Given respondent's $616.00 per month increase in income, respondent's net increase of total expenses and debt payments over income, including all respondent's personal expenses as well as those attributable to her children, was only $950.92. The trial court nevertheless increased respondent's child support entitlement by $1,100.00 per month, nearly $150.00 per month more.

Although the evidence as a whole suggests the existence of a colorable basis for some level of increase in child support in this case, there is no support for the $1,100.00 per month increase the trial court

---

**3.** We note that petitioner has cited no authority supporting the view that the custodial parent's "financial resources" within A.R.S. § 25–320(A) must be deemed to include a level of income that she could be earning if she would only seek work more diligently, or might attain in the future after undergoing additional training or

education. The statutory language itself fails to support any such interpretation. Accordingly, on remand the trial court need not consider evidence relating to it. *See In Re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978), (employability is not a changed circumstance until it occurs).

actually ordered. Neither the record nor the trial court's ruling reveals what portion of the award, if any, was allocable to increased expenses for the children alone; how much represented the value of an increased standard of living, if any, the children would have enjoyed had the marriage continued; and what portion, if any, may actually have amounted to an unauthorized replacement for the expired spousal maintenance award in the original decree of dissolution.[4] The modification order must accordingly be reversed and remanded for a new hearing, after which the trial court shall make appropriate findings of fact and conclusions of law with reference to A.R.S. §§ 25–320(A) and 25–327(A).

## V. ATTORNEY'S FEES

■ We next address petitioner's contention that the trial court erred in ordering that the amount of respondent's award of attorney's fees pursuant to A.R.S. § 25–324 be determined exclusively by reference to an affidavit to be filed by respondent's attorney. A.R.S. § 25–324 provides in part:

The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter. For the purpose of this section costs and expenses may include attorney's fees, deposition costs and such other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal.

The trial court's minute entry ruling in this case provided in part:

Pursuant to A.R.S. § 25–324, the mother is deemed to have the lesser ability of the two parties to pay for her attorney's fees and costs incurred in these proceedings. Consequently, the court orders the hus-

band to pay the mother for her costs and expenses of maintaining these proceedings. *These costs and expenses will include attorney's fees to be established by affidavit of the mother's attorney.* The father will pay the attorney's fees and costs portion of this order directly to the attorney for the mother. Reasonable expenses are also authorized to include the costs and fees paid to the mother's expert CPA witness and all other reasonable expenses, such as depositions, costs and service fees. (Emphasis added.)

On May 15, 1986 respondent's counsel lodged with the trial court a formal order corresponding to its minute entry ruling, which repeated that language. On May 20, 1986 petitioner filed a "Motion and objection to court order." In it petitioner stated:

... Specifically, MICHAEL S. REED objects to (1) the Court's interpretation of A.R.S. § 25–324 in an all or nothing manner; and (2) that the Court allows the amount of the attorney's fees and expenses and the reasonableness thereof as well as the necessity of their being incurred based solely upon an Affidavit to be filed by the "mother's attorney." This does not afford MICHAEL S. REED the opportunity to determine in an adversarial proceeding the propriety of these fees. Surely A.R.S. § 25–324 does not contemplate a court foreclosing an opponent the right to cross-examine the witnesses who are presenting evidence.

On June 10, 1986 the trial court overruled petitioner's objections and signed and entered the formal modification order.

Thereafter, on June 27, 1986, respondent's counsel submitted an affidavit requesting $12,056.98 for attorney's fees and costs. On July 1, 1986 the petitioner filed a timely notice of appeal from the trial court's formal modification order, but filed nothing in response to respondent's counsel's affidavit. On July 3, 1986 respondent

4. The following exchange took place during closing arguments at the modification hearing: [MR. MEHRENS:] The original Court gave her alimony for eighteen months which certainly tells us that if a finding was made she should be able to find gainful employment prior to eighteen months. I suggest that—

THE COURT: I can't go that way. A decision was made March 2, 1982. Certainly, had I been the Judge that was on the bench it would have been a different ruling.

lodged an order awarding respondent the sum requested in her counsel's affidavit, and the trial court signed and entered it on July 8, 1986. Petitioner noticed no appeal from that order.

By overruling petitioner's objections and then entering an order exactly corresponding to its minute entry ruling, the trial court effectively refused to allow petitioner to be heard on the subject of the reasonableness and appropriateness of the fees and expenses claimed by respondent. We agree with petitioner that the court erred in doing so. Petitioner was entitled to be heard on those subjects under elementary due process principles. *See generally U.S. v. Superior Court,* 144 Ariz. 265, 697 P.2d 658 (1985); *Sparks v. Republic National Life Insurance Co.,* 132 Ariz. 529, 647 P.2d 1127 (1982). We accordingly vacate the trial court's order awarding fees and expenses to respondent's attorney and direct the trial court to redetermine respondent's award on remand under appropriate procedures. *See generally* Rule 3.7(e), Local Rules of the Maricopa County Superior Court.

■ Our decision in *Lee v. Lee,* 133 Ariz. 118, 649 P.2d 997 (App.1982) does not mandate a contrary result based on petitioner's failure to appeal the trial court's order establishing the specific amount of respondent's award of fees and expenses. In *Lee* the trial court made attorney's fees awards in connection with contempt findings after the notice of appeal had been filed. Unlike the situation in *Lee,* the order from which

petitioner appealed in this case ruled that respondent was entitled to an award of fees and expenses under A.R.S. § 25–324 and specified the method by which the amount of the award was to be determined. It is the latter point that petitioner challenges on appeal, and because of the distinct procedural posture in this case, that point is properly before us. The trial court's later order fixing the precise amount of the award merely effectuated the terms of the formal modification order, and petitioner's failure to file a separate notice of appeal from the later order does not deprive this court of appellate jurisdiction to vacate it. *Rexing v. Rexing,* 11 Ariz.App. 285, 464 P.2d 356 (1970) is similarly distinguishable.

Because of our disposition of this appeal, we need not consider petitioner's argument that the trial court abused its discretion in refusing to continue the child support hearing due to respondent's mid-hearing production of previously-subpoenaed check registers.

Reversed and remanded for proceedings consistent with this opinion.

KLEINSCHMIDT, P.J., and JACOBSON, J., concur.