**UNITED VERDE COPPER CO. v. RALSTON et ux.**

**No. 6127.**

Circuit Court of Appeals, Ninth Circuit.
Jan. 12, 1931.

Rehearing Denied Feb. 16, 1931.

Anderson & Stack, of Prescott, Ariz., and Chalmers, Fennemore & Nairn, of Phœnix, Ariz., for appellant.

O'Sullivan & Morgan and Louis H. Bunte, all of Prescott, Ariz., for appellees.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is an appeal from a judgment against defendant for damages for loss of crops and for the rental value of certain lands upon which crops were not produced for the years 1926 and 1927, which damages were occasioned by fumes and gases, principally sulphur dioxide ($SO_2$), discharged from defendant's smelter and by air currents and winds carried to and deposited upon the lands of appellees and lands of others who had assigned their claims for damages. The lands involved are located in the Verde Valley, Ariz., thirteen to sixteen miles distant from appellant's smelter. Appellees alleged damages in the sum of $12,869.63. The court awarded judgment in the amount of $4,456.25.

Appellant contends certain propositions of law are presented by the assignments of error which will be considered in the order urged.

It is contended that "the complaint, and each count thereof, is insufficient in that it does not appear therefrom that the smelter is

a nuisance per se, nor that it is so located, constructed, operated or maintained as to constitute a nuisance in fact."

■ The complaint alleges the location of the smelter, and that poisonous gas and fumes were discharged therefrom and carried by the wind currents over and upon the premises described, occasioning the damages. As applied to these allegations, the legal contention is unsound. United Verde Copper Co. v. Jordan (C. C. A.) 14 F.(2d) 299; Anderson v. American Smelting & Refining Co. (D. C.) 265 F. 928.

It is contended that "part of the damage for which recovery was had was barred by limitation, the uncontroverted evidence being that the lands were not of their full normal rental value at any time during the year 1926."

■ The evidence does not disclose injury to the lands in question. With water for irrigation, the lands would produce crops but for the effect thereon of the gases and fumes discharged from the smelter. Water was available for most of the land during the years 1926 and 1927. The fact that crops were not produced thereon during preceding years does not militate against a right of recovery for loss occasioned during the years within the statutory period. The measure of damages for loss of a growing crop where there appears to be a reasonable certainty that it would have matured, as is generally the case where requisite moisture is supplied by irrigation, is to allow for the value of the probable yield under proper cultivation when matured and ready for market, less the estimated expense of producing, harvesting, and marketing. Teller v. Bay & River Dredging Co., 151 Cal. 209, 90 P. 942, 12 L. R. A. (N. S.) 267, 12 Ann. Cas. 779; Candler v. Washoe Lake Reservoir, etc., Co., 28 Nev. 151, 80 P. 751, 6 Ann. Cas. 946; Smith v. Hicks, 14 N. M. 560, 98 P. 138, 19 L. R. A. (N. S.) 938; Bader v. Mills & Baker Co., 28 Wyo. 191, 201 P. 1012; Shotwell v. Dodge, 8 Wash. 337, 36 P. 254. A similar rule is applicable in determining rental value; that is, the rental value considered under ordinary conditions of cultivation and without reference to injury occasioned or which might have been occasioned to crops by the smelter in prior years. It follows that none of the damages for which recovery was had were barred by the statute of limitations.

■ It is contended that "the causes of action set up in the complaint, and each count thereof except the seventh, are barred by limitation because plaintiffs' only remedy was an action or actions for permanent damage which accrued more than two years prior to the commencement of the action."

The seventh count is in reference to damages to growing crops. This contention may be considered with the further contention that defendant had acquired a right by prescription to do the acts complained of.

These contentions are based upon the fact that defendant's smelter was erected in 1915, and has operated continuously since that time, except for a suspension during the year 1921. In order for appellant to prevail in its contention, the evidence would have to establish a continued operation of the smelter in substantially the same manner and with equal injurious results for the entire statutory period—ten years. The court found from the evidence that "three times as much sulphur fumes were carried upon and over the lands of the plaintiff during 1926 and 1927 as in 1919." There is no evidence of injury prior to 1919. The court below did not err in holding that "the prescriptive right cannot obtain." George v. Gist, 33 Ariz. 93, 263 P. 10; United States v. Luce (C. C.) 141 F. 385; Thackery v. Union Portland Cement Co., 64 Utah, 437, 231 P. 813; 46 C. J. 754.

The further contentions of appellant that "plaintiffs' damage was permanent and original and capable of present ascertainment when the injury began," and that "there is no competent evidence to sustain the finding that plaintiffs and their assignors have ever been unable to farm at a profit by reason of any actionable wrong of defendant," are disposed of by the rulings upon the other contentions.

Judgment affirmed.