268 P.2d 334

**GILLILAND et al.**
v.
**RODRIQUEZ et ux.**
No. 5671.

Supreme Court of Arizona.
March 22, 1954.
Rehearing Denied April 13, 1954.

Wesley E. Polley, Bisbee, for appellants.

Daniel E. Moore, Bisbee, for appellees.

WINDES, Justice.

Sipriano Rodriquez and his wife purchased a house from a partnership consisting of Lowell Gilliland, Fred Davis and John Doe Davis, doing business as Inland Trading and Construction Company, under terms that required the trading company to deliver and place the house on Rodriquez' premises at a location staked out by him. An irrigation well with pump was located near the place so designated by Rodriquez. Over the well and pump was standing a pipe-pulling derrick held upright by three guy-wires. The trading company in order to set the house on the designated location decided it was necessary to release one of the guy-wires supporting the derrick. This being done, the same fell causing damage to the pump which necessitated its repair. Rodriquez and his wife, hereinafter designated plaintiffs, brought suit against the partnership and its members, hereinafter designated defendants, claiming they were negligent and asked damages for the repair of the pump and for loss of an onion and carrot crop because of inability to pump irrigation water. Plaintiffs having given defendants a promissory note and chattel mortgage in the sum of $487.05 which was past due at the time, defendants counterclaimed for the principal plus interest and ten percent attorney fees. The matter was tried before the court sitting without a jury, and the court made findings of fact and conclusions of law and awarded plaintiffs on their complaint the following:

"a. Damage of pump $ 197.49
b. Damage to carrot crop 1000.00
c. Damage to onion crop 1240.00
d. Damage on contract of purchase flooring 65.00

$ 2502.49"

The items of $197.49 and $65 are not in dispute and will not be further referred to. The court further gave defendants judgment on their counterclaim in the sum of $487.05 plus interest, offsetting one against the other, and thereby gave plaintiffs a net judgment of $1,947.33. Defendants appeal.

Plaintiffs' complaint charges defendants with negligence in the following language:

"* * * the defendants, and each of them, by and through their duly authorized employees and agents, so negligently and carelessly delivered said building, said negligent and careless delivery being contrary to the specific

instructions which the plaintiff had given to the defendants concerning the delivery, as to severely damage plaintiff's pump * * * "

The court's findings on the question of negligence are as follows:

"4. That the defendants' agent, Jack Gilliland, on the date on which the building was delivered to the plaintiffs in accordance with the contract made between plaintiffs and the defendants, made either no inspection of the pipe-pulling rig and guy wire supports for the same, at that time over a well belonging to plaintiffs; or if an inspection was made it was an inadequate inspection of said pipe-pulling rig and guy wire.

"5. That said agent, Jack Gilliland, while in the process of handling said building to defendants and carrying out the terms of said contract for the delivery of said building, loosened the tin buckle (meaning turn buckle) clamp for securing the main guy wire holding the pipe-pulling rig in an upright position, thereby causing the said pipe-pulling rig to fall on the plaintiffs' pump."

The court also made what it designated as its conclusion of law No. 1 as follows:

"1. That the sole proximate cause of plaintiffs' damage to pump, carrot crop and onion crop was the negligence of the defendants' agent, Jack Gilli-

land, and the defendants and each of them are chargeable with the same."

Whether an act of negligence is the proximate cause of an injury is an ultimate fact. Therefore, this so-called conclusion of law, though designated as such, will be treated as a finding of fact in testing the validity of the judgment. Curtis v. Boquillas Land & Cattle Co., 9 Ariz. 62, 76 P. 612.

It will be observed that the negligence, if any, of which the defendants are found guilty is releasing the guy-wire without first making any or adequate inspection of the rig and supporting wire. There being no evidence that the plaintiffs gave the defendants any instructions in this regard, defendants contend the judgment cannot be sustained for the reason that the plaintiffs alleged a specific act of negligence (careless delivery contrary to specific instructions) and failing to prove such instructions, no recovery can be had. Plaintiffs countered with an involved argument concerning grammatical construction to demonstrate that the complaint properly interpreted alleges general negligence. It is unfortunate that counsel for plaintiffs could not frame his complaint in simple language and thereby avoid expense and time-consuming effort on the part of court and counsel. We think, however, whether the complaint charges specific or general negligence is unimportant on this particular record. Evidence was submitted by the plaintiffs and received without objection.

concerning the details of what caused the rig to fall and after plaintiffs closed their case, defendants submitted evidence concerning their theory of the cause of the accident. The issue of the negligent act which was found by the court was created by the evidence and tried without the defendants' objection. The first objection appears when defendants after the trial requested a conclusion of law to the effect that plaintiffs could not recover because the specific negligence was not proven. Our rules provide that if issues which are not raised by the complaint are tried by either the express or implied consent of the parties, they shall be treated as if pleaded. Rule 15(b), Rules of Civil Procedure, section 21–449 A.C.A.1939, and if requested, an amendment should be allowed to conform to the proof. Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262; Carl v. McDonald, 60 Ariz. 170, 133 P.2d 1013. If issues are tried without objection, it amounts to implied consent and if no request to amend is made, the case will be treated as though the amendments were made. Shapiro v. Yellow Cab Co., D.C., 79 F.Supp. 348; Underwriters Salvage Co. of New York v. Davis & Shaw Furniture Co., 10 Cir., 198 F.2d 450; Carroll v. Harrison, D.C., 49 F. Supp. 283. Defendants rely heavily on Drumm v. Simer, 68 Ariz. 319, 205 P.2d 592, but that case is not controlling. Therein there was no evidence to support the court's finding of negligence and there was nothing in the record to show that by common consent the case was tried on the theory used by the court for its decision. In the case at bar, the record shows implied consent to try the issue of negligence found by the court and whether such issue was pleaded becomes unimportant.

Defendants object to the court's findings upon the ground that they are too general; that it is impossible to tell therefrom on what underlying facts the court relied; that no subsidiary findings are made to indicate the evidence on which the ultimate facts were based; and they are not supported by the evidence.

A court is called upon to make findings of only ultimate facts and is not required to bolster them by subsidiary findings on evidentiary matters upon which such ultimate facts are based, McGee v. Nee, 8 Cir., 113 F.2d 543, and if there is competent evidence of the existence of such facts, and they are such that this court is able to test the validity of the judgment, the trial court has met its obligation under the provisions of Rule 52 (a), Rules of Civil Procedure, section 21–1028 A.C.A.1939. The ultimate test of the adequacy thereof is whether they are pertinent to the issues and comprehensive enough to provide a basis for the decision. Schilling v. Schwitzer-Cummins Co., 79 U.S.App.D.C. 20, 142 F.2d 82. In the case at bar, there was sufficient evidence for the court to find and it found ultimate facts which constituted negligence on the part of the defendants and justified a judgment for some damage proximately caused thereby.

■ The correct measure of damage to be applied herein is the difference between the value of the probable yield when ready for market and the expense of producing, harvesting and marketing. United Verde Copper Co. v. Ralston, 9 Cir., 46 F.2d 1. Appellant contends that this was a mature crop ready for immediate marketing, but the evidence was in conflict on this matter, and the court found, not directly but in effect, that the pump was damaged to the extent that it could not be used for pumping and that further irrigation was necessary.

■ To sustain the items of damages found by the court, plaintiffs' brief submits a calculation which they contend is supported by the evidence and warrants the court's finding of damages. The calculations shows estimated gross profits of $3,374.56, calculated on an average market price in El Paso of 56 cents a dozen, and after deducting $1,591 for cost of production, harvesting and marketing and $135 for produce actually sold, results in a net profit lost of $1,648.56, which plaintiffs claim to be the maximum net profit loss. The court found this item to be $2,240.20, clearly an erroneous finding. There are insufficient facts found by the trial court to enable us to determine the correct amount of damages. If essential findings on disputed matters are not made by the trial court which will enable this court to test the correctness of the judgment, we will not attempt to weigh the evidence and perform this function for the trial court.

Jones v. Waterman S. S. Corporation, 3 Cir., 155 F.2d 992; Kennedy v. United States, 9 Cir., 115 F.2d 624. The appellate court may not assume the role of the trial judge. McGee v. Nee, supra.

■ In giving defendants judgment on the note in the sum of $487.05 with interest as claimed in their counterclaim, no allowance was made for attorney fees. The note provides for ten percent attorney fees on the amount found due. This court held in the recent case of Pioneer Constructors v. Symes, 77 Ariz. 107, 267 P.2d 740, that if the plaintiff sues on a note and the defendant counterclaims, the plaintiff could recover no attorney fees in the event defendant recovered on his counterclaim an amount in excess of the amount due on the note. We are unable to say that there is sufficient distinction in the case at bar to warrant a different ruling. There was no error in the court's denying the attorney fees.

■ In addition to the objection to the findings made by the court, defendants requested 30 additional findings: three of which are covered by the court's findings, two are clearly evidentiary matters, twelve are undisputed and the existence thereof could not change the result of the judgment. It is unnecessary for the court to make findings on undisputed matters. Fontes v. Porter, 9 Cir., 156 F.2d 956; Work v. United Globe Mines, 12 Ariz. 339, 100 P. 813. The remainder are matters upon which the evidence is in conflict and, if

adopted by the court, would have been in conflict with the findings the court did adopt and would have rendered the judgment vulnerable. Refusal to adopt these findings was not error.

Defendants requested a finding that the damages here were not within the contemplation of the parties as a probable result of any breach of the contract and argues, therefore, no recovery can be had for the destruction of the crops. Reliance is placed upon our case of Sharp v. Western Union Telegraph Co., 39 Ariz. 349, 6 P.2d 895, 80 A.L.R. 293. The principles therein announced have no application here. The act for which liability is imposed herein is an independent act of negligence and defendants are liable for the natural and probable consequences thereof, irrespective of what the parties might have contemplated when plaintiffs purchased the house from the defendants.

Complaint is made that the court permitted witnesses to testify concerning producing, and marketing of crops without first requiring proper foundation for such testimony. The record shows the witnesses who testified to these matters were qualified and testified from their own knowledge. There was no error in this regard.

The judgment of the trial court is vacated and the case remanded, not for a new trial but with directions to make the requisite findings on the damages and render the appropriate judgment. Appellants to recover their costs on appeal.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.