NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JOHN M. TROUTMAN, *Petitioner/Appellant*,

*v.*

BEVERLY G. TROUTMAN, *Respondent/Appellee*.

No. 1 CA-CV 22-0396 FC
FILED 6-1-2023

Appeal from the Superior Court in Coconino County
No. S0300DO202000183
The Honorable Elaine Fridlund-Horne, Judge

**AFFIRMED**

COUNSEL

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Petitioner/Appellant*

Bryon Middlebrook, P.C., Flagstaff
By Bryon Middlebrook
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Vice Chief Judge David B. Gass and Judge Andrew M. Jacobs joined.

_____

**F U R U Y A**, Judge:

¶1          John M. Troutman ("Father") appeals from the superior court order awarding him less than equal parenting time. Finding no abuse of discretion, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          Father and Beverly G. Troutman ("Mother") were married for twenty-one years and have three children. Father petitioned for dissolution in May 2020. The oldest child turned eighteen before the dissolution trial and is not involved in this appeal. The two younger children were sixteen and thirteen at the time of trial.

¶3          Father admitted to having a sex addiction throughout the marriage. Mother was unaware of this until she discovered evidence of an extra-marital affair in 2018. The parties saw a marriage counselor who recommended Father seek treatment for his addiction. After returning from a three-week intensive treatment program in 2018, Father disclosed his long history of sexual infidelities. Father continued to work on his recovery but relapsed in 2020 when he had a relationship with another woman, leading to the birth of a child. Father states he has been "sober" since August 2020.

¶4          Both parties continued to live in the marital home with the three children through the trial. They agreed to share joint legal decision-making authority but did not agree to a parenting plan. Father requested equal parenting time. Mother asked the court to give Father parenting time every other weekend and one night per week for ninety days, increasing to three days on alternate weeks if the children and therapists agreed.

¶5          The superior court appointed David Weinstock, Ph.D., to address (1) the effect of Father's addiction on his ability to exercise parenting time, (2) whether either parent has or tried to influence the children or engaged in parental alienation, and (3) anything else relevant to the parenting time determination.

¶6  After trial, the court considered testimony from both parties, the marriage counselor, James Hogg, Ph.D., and Dr. Weinstock and issued two separate rulings detailing the relevant evidence and its parenting time orders. In its April 29, 2022 under advisement ruling ("April 29 Order"), the court found it was in the children's best interests to have parenting time with Father every other weekend and one overnight every week. The parenting plan alternated Thanksgiving and Christmas holidays, equally divided winter and fall school breaks, and gave each parent two consecutive weeks in the summer. On May 2, 2022, the court made "[a]dditional parenting time factual findings" in a separate order ("May 2 Order").

¶7  Father timely appealed from the parenting time orders in the final decree. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

**DISCUSSION**

¶8  We review parenting time orders for an abuse of discretion, *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 11 (App. 2013), but review questions of statutory interpretation de novo. *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 491 ¶ 9 (App. 2020). We view the evidence in the light most favorable to upholding the superior court's ruling. *In re Marriage of Friedman*, 244 Ariz. 111, 113 ¶ 2 (2018).

¶9  Father argues the superior court erred because it awarded him less than equal parenting time without sufficient cause. Though Father concedes "Arizona law does not have a presumption of equal parenting time," *Smith v. Smith*, 253 Ariz. 43, 46, 47 ¶¶ 15, 19 (App. 2022), he argues the evidence supports nothing less than equal parenting time.

¶10  According to A.R.S. § 25-103(B), Arizona's public policy is that "absent evidence to the contrary, it is in a child's best interest . . . [t]o have substantial, frequent, meaningful and continuing parenting with both parents." A.R.S. § 25-103(B)(1); *see also Smith*, 253 Ariz. at 46 ¶ 15. To further this policy, § 25-403.02(B) requires the court to "'*maximize*' each parent's respective parenting time if doing so is '*consistent with the child's best interests* in section 25-403 and sections 25-403.03, 25-403.04 and 25-403.05.'" *Smith*, 253 Ariz. at 47 ¶ 18 (quoting A.R.S. § 25-403.02(B)).

¶11  Father asks this court to provide guidance for when it is appropriate to depart from the starting point of equal parenting time. The legislature provided that guidance in § 25-403.02(B), which requires the court to award parenting time *consistent with the child's best interests. See*

3

A.R.S. § 25-403.02(B). Courts determine the child's best interests by applying §§ 25-403, -403.03, -403.04, and -403.05. Because each family and child is different, the factors applicable in each case will vary. More importantly, how the court weighs each factor must be determined on a case-by-case basis. It is impossible to impose a bright line rule for what constitutes "maximized" parenting time as Father requests. In some cases, one day a week might be in the child's best interests. But other cases may warrant equal parenting time. The court satisfies its statutory obligation when it considers the child's best interests under §§ 25-403, -403.03, -403.04, and -403.05. *See* A.R.S. § 25-403.02(B).

**¶12**     Father argues that because he requested written findings of fact and conclusions of law, the court must clearly state how it arrived at its decision to award Father less than equal parenting time. *See* Ariz. R. Fam. Law P. 82(a). He contends the best-interests findings do not support an award of less than equal parenting time. However, Father argues we must limit our review to the court's specific statutory best-interests findings without considering the other findings of fact in the court's under advisement ruling. We disagree.

**¶13**     The court's April 29 Order included nine pages of evidentiary findings of fact, with several pages of findings directly related to the children's best interests. After making these evidentiary findings of fact, the court stated:

> **THIS COURT FINDS** AS FACTS THE EVIDENCE RECEIVED THROUGH TESTIMONY AND THROUGH THE ADMISSION OF THE EXHIBITS AS REFERENCED HEREIN, AND THIS COURT APPLIES THESE FACTUAL FINDINGS TO THE STATUTORY FACTORS FOR BEST INTEREST FOR PARENTING TIME . . . .

A few pages later, the court made "best interests findings" that complied with § 25-403(B). A few days later, the court issued its May 2 Order making additional parenting time factual findings. Thus, the whole of the court's findings consists of the "evidentiary findings of fact" and "best interests findings" in the April 29 Order and the "additional parenting time factual findings" in the May 2 Order. We consider this set of findings in totality in assessing the superior court's compliance with Rule 82 and § 25-403(B).

**¶14**     Thus, when considered and viewed in the light most favorable to affirming the court's orders, these findings support the ruling of less than equal parenting time. *See Friedman*, 244 Ariz. at 113 ¶ 2. For

example, the court found Dr. Weinstock had concerns about Father's ability to parent without supervision based on the potential for relapse. It cited Dr. Weinstock's explanation of how Father's addictive behaviors placed the children at risk. Dr. Weinstock acknowledged Father was active in his recovery but still had work to do. And Dr. Weinstock expressed concerns about Father's "lack of presence with the children, and his inability to be emotionally present with the children."

¶15        The court also found Father was emotionally and physically distant for a long time before he went into treatment in 2018. And, even after his treatment, Father was again self-isolating and leaving Mother to explain his frequent absences while he traveled to Phoenix to see his sponsor and spend time with his other child. Mother confirmed this. The court further found the youngest child did not want equal parenting time with Father. Moreover, Father himself acknowledged a long history of manipulation and deceit.

¶16        Even so, the court noted Dr. Hogg's testimony that Father was a good parent and the parties co-parented well. Both psychologists testified Father was actively working on his sobriety. Father now has a good relationship with the middle child but not the youngest.

¶17        In determining that equal parenting time was not in the children's best interests, the court weighed this conflicting evidence and considered the witnesses' credibility in balancing the statutory factors. "On appeal, we do not reweigh the evidence but defer to the family court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019).

¶18        The court's findings are sufficient because, taken as a whole, they "are 'pertinent to the issues and comprehensive enough to provide a basis for the decision.'" *Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 299 (1993) (quoting *Gilliland v. Rodriquez*, 77 Ariz. 163, 167 (1954)). The findings comply with Rule 82(a) because they explain how the court reached its conclusion and allow us "'to test the validity of the judgment.'" *Id.*

¶19        Father additionally argues the court erred by awarding Mother more parenting time than Father because she had been the primary caregiver during the marriage. He contends this finding strays from *Barron v. Barron*, 246 Ariz. 580, 586 ¶ 16 (App. 2018), *vacated on other grounds*, 246 Ariz. 449 (2019), which held it is error to presume a child's best interests are necessarily served by awarding more parenting time to the former stay-at-

home parent. The court here made no such finding or presumption, and Father points to nothing suggesting it was the basis for the parenting time order.

## ATTORNEYS' FEES

¶20　　　　Mother requested an award of attorneys' fees on appeal under A.R.S. § 25-324. Father did not respond. In the exercise of our discretion, after considering the financial resources[1] and reasonableness of the parties' positions, we award Mother her reasonable attorneys' fees on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶21　　　　We affirm the parenting time orders.



AMY M. WOOD • Clerk of the Court
FILED:　AA

---

[1]　　　　We note that we will not address on appeal items not considered by the superior court, including Father's Notice of Objection filed with this court on May 3, 2023. *See Premier Fin. Serv. v. Citibank*, 185 Ariz. 80, 87 (App. 1995), *GM Dev. Corp. v. Cnty. Am. Mortg. Corp.*, 165 Ariz. 1, 4–5 (App. 1990) (stating evidence not considered by superior court may not be newly considered on appeal).