NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO C.C.

No. 1 CA-JV 23-0082
FILED 2-6-2024

---

Appeal from the Superior Court in Mohave County
No. S8015JD202200071
The Honorable Rick A. Williams, Judge

**AFFIRMED**

---

COUNSEL

The Law Offices of Michael and Casey, Phoenix
By Robert Ian Casey
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

---

**G A S S,** Chief Judge:

**¶1**        Father appeals the superior court's order terminating his parental rights to the child based on the abandonment ground of A.R.S. § 8-533.B.1. We affirm. [1]

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        This court views the evidence, and draws reasonable inferences from it, in the light most favorable to affirming the superior court's ruling. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282 ¶ 13 (App. 2002).

**¶3**        Father and mother lived together when mother discovered she was pregnant. When mother told father she was pregnant, they argued, and the argument led to mother's domestic violence arrest. At that point, father said he did not want to be involved with the child and made mother move out.

**¶4**        About three weeks before mother gave birth, she drank alcohol to the point of needing to be hospitalized. Mother gave birth while living in a sober living home to cope with her mental health and substance

---

[1] The Department of Child Services ("DCS") asked this court to stay the appeal until the superior court could determine whether this case was impacted by a processing error in the DCS Guardian System. After receiving a status report from DCS, we lifted the stay. While this appeal was stayed, the superior court re-appointed counsel for father. The Department of Child Safety disclosed visitation notes and other records to father's counsel. Father and counsel discussed the disclosure issue and stipulated it "would [not have] substantially affected the outcome of the severance adjudication." The superior court accepted the stipulation. The superior court did not re-appoint counsel for mother, but she did not appeal so no issues concerning mother are before us.

abuse issues. Mother struggled to care for the child and relied heavily on the staff at the sober living home for help.

¶5 Several weeks after mother gave birth, DCS filed a dependency petition. In its petition, DCS alleged mother had difficulty meeting the child's needs, struggled with mental health, and had a history of substance abuse, all of which undermined mother's ability to provide the child with adequate care. The superior court adopted a case plan of family reunification.

¶6 DCS could not locate father until about four months into the dependency. Once DCS served father with the dependency petition, father promptly completed a negative drug test, but he delayed enrolling in services and completing a paternity test. Father delayed taking the paternity test and did not visit the child during this time. Five months into the dependency, DCS asked the superior court to change the case plan to termination and adoption. DCS moved to terminate father's parental rights based on abandonment.

¶7 About a month after DSC moved to terminate father's rights, father completed the paternity test and learned he was the child's genetic parent. Only then, father began visiting the child twice a week. He continued those twice-weekly visits for about two months until the superior court terminated his parental rights.

¶8 When the child was around ten months old, the superior court held a contested termination adjudication. At the end of the adjudication, the superior court found father had abandoned the child and terminated his parental rights. The superior court noted father's early negative drug test and later visitation progress, but it also noted father's delay enrolling in services and getting a paternity test even though he knew the delay put his parental rights at further risk. The superior court determined father's visitation progress, though positive, did not rise to the level of a normal parental relationship. The superior court also found termination was in the child's best interests because the child was adoptable and because termination would give the child finality and permanency.

¶9 After the adjudication, the superior court entered a written order terminating father's parental rights. The order said father "abandoned the child and failed to maintain a normal parental relationship with the child without just cause by failing to provide reasonable support, failing to maintain regular contact, and/or failing to provide normal supervision." The order continued: father "has been minimally active in the

case, taking several months to establish paternity and begin visitation. He has not maintained or established a normal parent-child relationship."

¶10 This court has jurisdiction over father's timely appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A, and -2101.A.1.

## DISCUSSION

¶11 Father asks this court to reverse the superior court order terminating his parental rights, arguing the superior court made insufficient factual findings to support its conclusions in the termination order. DCS argues father waived the issue because he failed to raise his claim of insufficient factual findings before the superior court.

I. **Though father waived his challenge to the sufficiency of the superior court's factual findings, we exercise our discretion and reach the merits.**

¶12 DCS argues father should have raised his claim of insufficient factual findings in a post-judgment motion to alter or amend a final order. Generally, failure to raise an argument in the superior court waives the issue on appeal. *Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 56 ¶ 13 (2017). But this court may exercise its discretion to disregard waiver. *See id.*

¶13 Even assuming father waived his claim, when "good reason exists" this court may consider the merits of a waived argument. *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552 ¶ 33 n.9 (2005) (citation omitted). Here, good cause exists to reach the merits because this case involves termination of father's parental rights and affects his fundamental liberty interest in the care, custody, and management of his child. *See Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 538 ¶ 16 (App. 2018). Because father challenges the adequacy of a termination order, this case implicates his procedural due process rights. *See id.* (noting the legislature requires factual findings in termination orders to ensure compliance with procedural safeguards because parents' fundamental interest in the care, custody, and control of their children is at stake).

¶14 Though father waived his claim we exercise our discretion to address its merits because this case involves father's fundamental right to parent.

## II. The superior court's factual findings are sufficient to support its termination order.

**¶15**      This court reviews the superior court's decision on a petition to terminate a parent's rights for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8 (App. 2004). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights if reasonable evidence supports the order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citations omitted). This court does not reweigh the evidence but "look[s] only to determine if there is evidence to sustain the [superior] court's ruling." *Mary Lou C.*, 207 Ariz. at 47 ¶ 8.

**¶16**      Because termination cases involve a fundamental right, the legislature imposed procedural safeguards to ensure due process. *Logan B.*, 244 Ariz. at 538 ¶ 16 (citation omitted). Under A.R.S. § 8-538.A, orders terminating a parental relationship must "be in writing and . . . recite the findings on which the order is based." This court has interpreted subsection 8-538.A to require the superior court to make "at least *one* factual finding to support each . . . conclusion[] of law," including all "the 'ultimate' facts— that is, those necessary to resolve the disputed issues." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240–41 ¶¶ 22, 25 (App. 2012) (emphasis added) (citation omitted). But even if a superior court's findings do not specifically call out supporting facts, we affirm the order if the superior court record supports its findings. *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451–52 ¶ 19 (App. 2007).

**¶17**      To terminate parental rights, the superior court must find DCS proved (1) one of the statutory grounds for termination by clear and convincing evidence and (2) termination is in the child's best interests by a preponderance of evidence. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50 ¶ 8 (2018). In reviewing the superior court's findings, this court does not reweigh the evidence because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C.*, 223 Ariz. at 93 ¶ 18 (citation omitted).

**¶18**      The superior court terminated father's rights based on abandonment. *See* A.R.S. § 8-533.A.1. Arizona law defines "abandonment" as:

the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1). Under the abandonment ground, the superior court must consider "whether a parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship." *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249–50 ¶ 18 (2000). When determining abandonment, the superior court considers only the parent's conduct, not the parent's subjective intent. *Id.*

¶19 Father argues the superior court's order lacks sufficiently specific, or "ultimate," factual findings to support its conclusions. Ultimate facts are "pertinent to the issues and comprehensive enough to provide a basis for the decision." *Gilliland v. Rodriquez*, 77 Ariz. 163, 167 (1954). The relevant facts for abandonment vary from case to case. *Michael J.*, 196 Ariz. at 250 ¶ 20. When determining whether a parent abandoned a child, the superior court may consider the parent's level and type of support, the parent's participation in visitation, the parent's engagement in services, and the parent's delay in completing a paternity test. *See, e.g.*, *Kenneth B. v. Tina B.*, 226 Ariz. 33, 37 ¶ 20 (App. 2010) (noting evidence of regular visitation, gifts, clothes, cards, and food would factor into whether mother provided reasonable support); *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352–53 (App. 1994) (considering mother's failure to participate in services as a factor favoring termination); *Pima Cnty. Juv. Sev. Action No. S-114487*, 179 Ariz. 86, 98 (1994) (considering delay in establishing paternity to decide whether father promptly asserted his legal rights). Here, the superior court found father's delay in paternity testing and starting visitation evidenced abandonment.

¶20 Father focuses on one of the superior court's written findings, in which it said father "has been minimally active in the case, taking several months to establish paternity and begin visitation." Father argues the finding does not involve an "ultimate fact . . . leading to the Court's conclusion" but is merely a "recital of law with a conclusion." Father relies on *Logan B.* to argue the superior court's order only draws conclusions. But father's analogy to *Logan B.* lacks merit.

**¶21** In *Logan B.*, this court held the superior court erred as a matter of law because its termination order contained conclusions of law without any factual findings. 244 Ariz. at 536, 539 ¶¶ 11, 20. In *Logan B.*, DCS had moved to terminate parental rights on the grounds of substance abuse and six months of out-of-home placement. *Id.* at 535 ¶ 3. The order in *Logan B.* read as follows: "[the superior court finds] by clear and convincing evidence that the State has proven the allegation of a history of chronic abuse of dangerous drugs and controlled substances with respect to [Father]." *Id.* at 535–36 ¶ 6. This court said the superior court's order should have stated facts supporting its conclusion about father's history of substance abuse rather than simply stating the statutory ground for termination. *Id.* at 539 ¶ 20.

**¶22** The superior court's findings here go beyond those in *Logan B.* True, the superior court here made a conclusion of law when it said father "has abandoned the child and failed to maintain a normal parental relationship with the child without just cause by failing to provide reasonable support, failing to maintain regular contact, and/or failing to provide normal supervision." But the superior court went further, supporting its legal conclusion by saying father "has been minimally active in the case, taking several months to establish paternity and begin visitation." And the superior court further found father "has not maintained or established a normal parent-child relationship." In short, in *Logan B.*, the superior court merely restated the statutory ground for termination in its order. *Id.* at 536, 539 ¶¶ 11, 20. But here the superior court articulated three sufficiently specific factual findings to support its conclusions. *See Ruben M.*, 230 Ariz. at 240–41 ¶¶ 22, 25.

**¶23** The superior court, thus, did not abuse its discretion when it found father abandoned the child. Reasonable evidence supports the superior court's abandonment finding. *See* A.R.S. § 8-531(1); *Jordan C.*, 223 Ariz. at 93 ¶ 18. The superior court did not abuse its discretion because the evidence establishes, and the superior court articulated, facts showing father had not "provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship." *Michael J.*, 196 Ariz. at 249–50 ¶ 18.

**¶24** Father does not contest the superior court's finding termination is in the child's best interests, and the record supports the finding.

**CONCLUSION**

¶25  We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA