NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of a Petition for Name Change of a Minor:
S.R.M.[1]

DARA RABIN, *Petitioner/Appellee*,

*v.*

JOSEPH MCGHEE, *Respondent/Appellant*.

No. 1 CA-CV 24-0426

FILED 02-13-2025

Appeal from the Superior Court in Coconino County
No. S0300CV202200375
The Honorable Cathleen Brown Nichols, Retired Judge

**AFFIRMED**

COUNSEL

DNA People's Legal Services Inc., Flagstaff
By A.J. Rogers & Adam Cirzan
*Counsel for Petitioner/Appellee*

Joseph McGhee, Flagstaff
*Respondent/Appellant*

---

[1] The caption in this matter has been modified to protect the identity of the minor child.

---

**MEMORANDUM DECISION**

---

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Vice Chief Judge Randall M. Howe joined.

---

**J A C O B S**, Judge:

¶1 Joseph McGhee ("Father") appeals the superior court's grant of Dara Rabin's ("Mother") Petition for Name Change of a Minor. Because Father agreed to the name change in open court and demonstrates no error in enforcing his agreement, we affirm.

## FACTS AND PROCEDURAL HISTORY

### A. Mother Files a Petition to Change S.R.M.'s Name That Is Dismissed and Reinstated.

¶2 Father and Mother wed in September 2010. The parties had one child in common, S.R.M., born in February 2015. After S.R.M.'s birth, the parties applied for a birth certificate for S.R.M. with Father's last name, McGhee. In 2016, Mother petitioned the superior court to dissolve her marriage to Father. The court dissolved the marriage in 2017.

¶3 In August 2022, Mother petitioned the superior court to change S.R.M.'s name from "[S.] [R.] McGhee" (Father's last name) to "[S.] [R.] McGhee Rabin" (adding Mother's last name after Father's last name). Mother argued the name change was in S.R.M.'s best interests, stating it would "help reduce confusion in registering him for school, setting doctor appointments, signing him up for extracurricular activities, travelling, etc."

¶4 Father moved to dismiss Mother's petition under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). The court dismissed Mother's petition. Mother appealed the dismissal. Father also brought a counterclaim the court dismissed. On April 6, 2023, the court awarded Mother fees for her defense of Father's counterclaims in the matter under A.R.S. § 12-349 in a Rule 54(c) judgment. We vacated the denial of Mother's petition to change S.R.M.'s surname and remanded so the superior court could "hear and consider evidence about the [c]hild's best interests." *In re S.R.M.*, No. 1 CA-CV 22-0616 FC, 2023 WL 3721889, at *2 ¶ 16 (Ariz. App. May 30, 2023) (mem. decision).

### B. The Superior Court Holds an Evidentiary Hearing on Mother's Petition and Changes S.R.M.'s Name.

¶5 On remand, Father moved to strike Mother's petition, claiming she engaged in the unauthorized practice of law by filing it. After declining to strike it, the court set an evidentiary hearing on the matter.

¶6 Father moved to bar Mother from testifying as to S.R.M.'s preference because he alleged she disclosed her anticipated testimony too close to trial under Rules 7.1, 7.2, 26.1, and 37. Less than an hour before the hearing, Father requested the court make findings and conclusions under Rule 52(a).

¶7 On December 7, 2023, the court held an evidentiary hearing. First, the court heard from both parties on Father's request to bar Mother's anticipated testimony as to S.R.M.'s wishes, which the court denied. Second, Mother testified to S.R.M.'s request to change his name to "S[.] R[.] McGhee Rabin." Third, Mother made an alternative request in open court to change S.R.M.'s name to "S[.] R[.] Rabin McGhee" -- switching the order of the names. Father did not object to Mother's alternative request. The court granted Mother's alternate request to change S.R.M.'s name to "S[.] R[.] Rabin McGhee."

¶8 In February 2024, the court denied Father's request for findings and conclusions. The court then issued its final judgment. This appeal followed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-2101(A)(1), -120.21.

### DISCUSSION

¶9 Father appeals the superior court's judgment denying his motion to strike, motion in limine, and granting Mother's request to change S.R.M.'s last name to "Rabin McGhee." Father argues the superior court erred because it: (1) was required to bar Mother's testimony as to S.R.M.'s intent as untimely disclosed; (2) failed to make findings and conclusions as requested by Father under Rule 52(a); (3) failed to weigh all best interests factors as required by A.R.S. § 25-403(A) and *Pizziconi v. Yarbrough*, 177 Ariz. 422, 425 (App. 1993); and (4) erred in directing Father to pay attorneys' fees in "favor of persons not parties to the suit."

¶10 We review name-change orders for an abuse of discretion. *Munguia v. Ornelas*, 253 Ariz. 549, 550 ¶ 5 (App. 2022). An abuse of discretion may occur when a court commits an error of law in the process of reaching a discretionary conclusion. *Twin City Fire Ins. Co. v. Burke*, 204

Ariz. 251, 254 ¶ 10 (2003). When considering a petition to change the name of a minor, the court must consider the best interests of the minor under A.R.S. § 12-601(B). *Munguia*, 253 Ariz. at 550 ¶ 6.

### I.    Father Identifies No Error Requiring Reversal of His Valid Agreement to S.R.M.'s Name Change.

**¶11**        Father contends the court erred in granting Mother's alternative request to change S.R.M.'s surname to "Rabin McGhee" because the agreement was not binding because it was unconscionable and agreed to under duress. Father demonstrates no error.

**¶12**        First, the agreement is binding. An agreement binds the parties if (1) "it is in writing;" (2) "it is made orally in open court and entered in the minutes;" or (3) "it is made before a mediator or judicial officer, is memorialized either before a court reporter or in an audio or video recording[.]" Ariz. R. Civ. P. 80(a).

**¶13**        While contending his agreement is unenforceable, Father does not dispute he agreed to Mother's request to change S.R.M.'s name to "Rabin McGhee." His agreement was binding because it was made in open court and entered into the minutes, as Rule 80(a) requires.

**¶14**        Second, Father does not demonstrate duress or unconscionability. He argues he misunderstood the agreement and believed "Rabin" would be S.R.M.'s middle name and "McGhee" would remain his last name. And he contends he was coerced or under duress to accept Mother's alternative request.

**¶15**        But Father omitted to provide a transcript or recording of the evidentiary hearing on which the judgment he appeals is based. ARCAP 11(c)(1)(B) (If the appellant argues "a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."). And while the hearing was audio recorded, and ARCAP 11(f) allows the submission upon motion of 30 minutes or more of audio recording, which could have served the purpose of a transcript, Father did not move to provide us with any recording. Lacking a transcript or recording, we are required to presume the evidence at the hearing supported the superior court's ruling. *J.F. v. Como*, 253 Ariz. 400, 406 ¶ 31 (App. 2022); *Varco, Inc. v. UNS Electric, Inc.*, 242 Ariz. 166, 169 ¶ 3 (App. 2017). That means we must assume that the record contains no facts suggesting Father was under duress, coerced, or

misunderstood the agreement. *See J.F.*, 253 Ariz. at 406 ¶ 31. Father thus fails to demonstrate any error in enforcing his agreement.

## II.     The Superior Court Did Not Err in Declining to Provide Findings and Conclusions Under Rule 52(a).

**¶16**          Father argues the superior court was required to provide findings and conclusions under Rule 52(a) following the evidentiary hearing because he moved the court to provide them in a motion less than one hour before the evidentiary hearing. Rule 52(a)(1) provides that the court "[i]n an action tried on the facts without a jury . . . , if requested before trial, . . . must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion, minute entry, or memorandum of decision filed by the court."

**¶17**          This ignores the reality that Father stipulated to judgment on the record. S.R.M.'s name change was the issue to be tried. Father agreed on the record to a name change, thus consenting to the relief Mother sought, as amended in the stipulation. The superior court did not err in declining to provide Father with findings and conclusions. *See Gilliland v. Rodriquez*, 77 Ariz. 163, 168 (1954) ("It is unnecessary for the court to make findings on undisputed matters."). This is especially so given that the court's findings and conclusions would simply recite that both parties appeared, and Father agreed to Mother's modified request to change S.R.M.'s name. *See id.* Father again shows no error.

## III.    Father Fails to Demonstrate that the Superior Court Failed to Consider S.R.M.'s Best Interests.

**¶18**          Father also argues the superior court abused its discretion by failing to weigh the best interests factors: (1) under A.R.S. § 25-403(A); and (2) specifically applicable to name-change petitions.

**¶19**          Neither argument persuades. First, because this judgment does not relate to parenting time or legal decision-making, the best interests factors in A.R.S. § 25-403(A) do not apply. Second, while this Court has outlined several factors that may be relevant under A.R.S. § 12-601(B) in determining the best interests of a child subject to a name change petition, a court is not required to make express findings on the best interests of a child when deciding to grant or deny a name-change petition. *Pizziconi*, 177 Ariz. at 425-26. Third, because Father did not provide this Court with the record of the evidentiary hearing, we must presume the superior court's findings support its judgment changing S.R.M.'s name, including that it

properly weighed S.R.M.'s best interests before accepting Father's agreement to change his name. *See J.F.*, 253 Ariz. at 406 ¶ 31.

## IV. Father's Other Arguments Lack Merit.

**¶20** Father argues the superior court erred by permitting Mother to testify as to S.R.M.'s preference as to the name change because she failed to disclose her intent to do so until three days before the evidentiary hearing. *See* Ariz. R. Civ. P. 26.1(a)(1)-(3). But Father waived any such issue by agreeing to the ultimate relief Mother sought. Enforcing his agreement under Rule 80 to a judgment means not revisiting discovery or disclosure issues preceding that stipulation.

**¶21** Moreover, it would be manifestly unjust and would defeat the aims of A.R.S. § 12-601(B) to refuse to receive evidence of S.R.M.'s preferences. That statute requires consideration of S.R.M.'s best interests. *Munguia*, 253 Ariz. at 550 ¶ 6. Unsurprisingly, the first factor in the list of those we ask courts to consider in determining the child's best interests with respect to their name is "the child's preference." *Pizziconi*, 177 Ariz. at 425. And in A.R.S. § 1-211(B), the legislature told us "[s]tatutes shall be liberally construed to effect their objects and to promote justice." The superior court properly received the evidence of S.R.M's preferences here.

**¶22** Finally, Father appeals the superior court's award of fees to Mother related to his counterclaims. The superior court's Rule 54(c) judgment awarding fees was entered on April 6, 2023. Father did not appeal it within 30 days. *See* ARCAP 9(a). Nor was the order incorporated into the final judgment now before us, which was not issued until April 2024. Thus, Father's appeal of the attorneys' fee award is untimely. *Id.*

### CONCLUSION

**¶23** For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:
JR