NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.A.

No. 1 CA-JV 25-0020

FILED 10-27-2025

Appeal from the Superior Court in Maricopa County
No. JD533745
The Honorable Jay M. Polk, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Seth Draper
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer L. Thorson
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

---

**F U R U Y A**, Judge:

¶1        Ray A., aka Reynaldo A. ("Father"), appeals the juvenile court's order terminating his parental rights to A.A. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        A.A. was born substance-exposed to fentanyl on July 6, 2023, and, as a result, required a feeding tube and medication. Six days after A.A.'s birth, Rosa S. ("Mother")[1] left the hospital with the baby concealed in a duffle bag. The Department of Child Safety ("DCS") questioned Father regarding Mother and A.A.'s location, but Father failed to cooperate. Phoenix police officers later found them at an apartment, where Mother was smoking fentanyl next to A.A.

¶3        Several days later, DCS filed a dependency petition alleging A.A. was dependent as to both parents due to neglect. Specifically, DCS alleged both parents neglected A.A. through substance abuse and that Father failed to protect him from Mother's substance abuse. The court ordered DCS to take temporary custody of A.A. pending the dependency hearing. In late July, A.A. was discharged from the hospital and placed with his maternal great aunt. In December, Father entered a no contest plea to the dependency and the court found A.A. dependent as to Father.

¶4        Throughout its involvement, DCS provided Father with several services, including detox and rehab. From July 2023 to December 2024, Father repeatedly tested positive for fentanyl or failed to test. Father also attended several intensive outpatient program groups but frequently arrived late or left early.

¶5        DCS filed a motion to terminate Father's parental rights in June 2024. DCS alleged termination was proper under chronic substance abuse grounds. *See* Arizona Revised Statutes ("A.R.S.") § 8-533(B)(3). After

---

[1]        Mother is not a party to this appeal.

the termination hearing in January 2025, the court entered a written order terminating Father's parental rights to A.A. The court found that DCS established statutory grounds for termination by clear and convincing evidence and proved that termination was in A.A.'s best interests by a preponderance of the evidence.

**¶6**         Father timely appeals and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. Sections 8-235, 12-120.21(A), and -2101(A)(1).

## DISCUSSION

**¶7**         A motion to terminate parental rights may be granted if the court finds at least one statutory ground for termination by clear and convincing evidence and finds that termination is in the best interests of the child by a preponderance of the evidence. A.R.S. § 8-533(B); *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 474 ¶ 1 (2023).

**¶8**         Father argues the court erred by (1) failing to make specific findings of fact supporting its conclusion that statutory grounds for termination exist and (2) concluding termination was in A.A.'s best interests. DCS responds that Father waived his first claim on appeal because he did not ask the court to amend its termination order "on the ground that the court did not enter sufficient findings of fact[.]" Ariz. R.P. Juv. Ct. 317(a)(2).

**¶9**         An argument is generally waived if raised for the first time on appeal, but we may exercise discretion in considering such arguments. *Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 56 ¶ 13 (2017) ("Although generally we refuse to address an argument raised for the first time on appeal, that principle is jurisprudential, not jurisdictional."). However, as discussed below, Father's argument regarding specific factual findings fails, so we do not address the issue of waiver in this case.

## I.    The Court Made Sufficient Factual Findings to Support Its Conclusion Under A.R.S. § 8-533(B)(3).

**¶10**         Father contends the court erred because it failed to make specific factual findings supporting its conclusion that Father is unable to discharge his parental responsibilities due to his chronic substance abuse.

**¶11**         We first consider whether the factual findings are supported by reasonable evidence and inferences, without reweighing the evidence. *Brionna J.*, 255 Ariz. at 478 ¶ 30; *Logan B. v. Dep't of Child Safety*, 244 Ariz.

532, 538 ¶ 19 (App. 2018) (citation omitted). Then we "review the sufficiency of the findings of fact *de novo* as a mixed question of fact and law." *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296 ¶ 14 (App. 2020).

**¶12** To terminate parental rights on the ground of chronic substance abuse under A.R.S. Section 8-533(B)(3), the court must find by clear and convincing evidence that (1) DCS "made reasonable efforts to reunify the family or that such efforts would have been futile[;]" (2) the parent has a history of chronic substance abuse; (3) the parent is unable to discharge his parental duties because of the substance abuse; and (4) there are reasonable grounds to believe the substance abuse will continue for a prolonged, indeterminate period. *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453 ¶ 12 (App. 2005) (identifying reunification efforts as a requirement for terminating parental rights based on chronic substance abuse); *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377 ¶ 15 (App. 2010). Father challenges the court's findings only as to the third element, so we do not address the others.

**¶13** One purpose for requiring sufficiently specific findings of fact is to aid in appellate review. *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240–41 ¶¶ 24–25 (App. 2012) (citations omitted). But this does not mean the court must include "every fact upon which [the court's] findings are based." *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452 ¶ 19 (App. 2007) (citation omitted). Rather, the court must "make findings of only ultimate facts and is not required to bolster them by subsidiary findings on evidentiary matters upon which such ultimate facts are based." *Id.* (quoting *Gilliland v. Rodriquez*, 77 Ariz. 163, 167 (1954)). Ultimate facts are "those necessary to resolve the disputed issues." *Elliott v. Elliott*, 165 Ariz. 128, 132 (App. 1990) (citation omitted).

**¶14** In this case, the court found Father's substance abuse both "pervasive and continual[.]" Father's parental rights to three other children were terminated in April 2022 because he was unable "to remedy the circumstances of removal, his drug use." In that prior case, Father repeatedly tested positive for fentanyl from March 2021 to February 2022. More recently, and despite the knowledge that testing clean was required for reunification with A.A., Father continued to test positive from July 2023 to December 2024. Thus, the evidence reasonably supports the court's finding that Father's substance abuse is pervasive and continual.

**¶15** The court also found that Father's substance abuse "clearly causes him to be unable to discharge his parental responsibilities as to [A.A.], who is only 18 months old and, thus, not able to protect himself."

When A.A. was removed from the hospital by Mother shortly after being born, Father "was not forthcoming with DCS or police[,]" despite the urgency of locating A.A. Further, the evidence shows that due to his history of substance abuse, Father is "unable to provide the adequate care for [A.A.,]" who "is dependent on adults and [relies] on them in order for [his] necessary needs to be met." Thus, reasonable evidence supports the court's factual finding that Father's substance abuse "clearly causes him to be unable to discharge his parental responsibilities" to his dependent 18-month-old son.

¶16 The factual findings noted above identify the disputed issue—whether Father is unable to discharge his parental responsibilities due to substance abuse. The court's findings on Father's pervasive and continual substance abuse, his inability to provide for A.A., and A.A.'s dependency due to his age, support the court's conclusion that Father is unable to discharge his parental responsibilities due to substance abuse. Thus, the court's findings resolved the disputed issue, and, consequently, the court was not required to include additional subsidiary findings.

¶17 Therefore, the court made sufficient findings of fact in its conclusion that Father is unable to discharge his parental responsibilities due to chronic substance abuse.

## II. The Court Did Not Err by Finding Termination Was in A.A.'s Best Interests.

¶18 Upon finding at least one statutory ground for termination, the court must then determine whether termination of the parent-child relationship is in the child's best interests by a preponderance of the evidence. A.R.S. § 8-533(B); *Brionna J.*, 255 Ariz. at 474 ¶ 1. Termination is in the child's best interests if the child will either benefit from termination or be harmed by the continuing relationship. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 13 (2018). We accept a court's best-interests finding "if reasonable evidence and inferences support them." *Brionna J.*, 255 Ariz. at 478 ¶ 30 (quoting *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 580 ¶ 10 (2021)). We view the evidence in the light most favorable to upholding the court's findings. *Matter of Appeal in Maricopa Cnty. Juv. Action No. JS-8490*, 179 Ariz. 102, 106 (1994).

¶19 Father contends the court erred in its best-interests analysis because A.A. was not legally adoptable at the time of the termination hearing, ostensibly because Mother's parental rights had not been terminated as of that time. He further argues that because the court

identified adoption as the sole benefit and prevention of adoption as the sole detriment to A.A., A.A.'s lack of adoptability renders the court's best-interests rationale legally deficient.

¶20 But the court made additional findings which Father did not challenge. The court found that "[A.A.] would benefit from termination because he needs a safe, stable home, free of substance abuse, and someone who is able to ensure his needs are met[;]" his current placement was providing him with such a home; and he "has thrived in that placement's care." The court further found that denying termination of Father's parental rights would deprive A.A. of a safe, stable home and a caretaker who meets his needs, resulting in a detriment to A.A. These findings are themselves sufficient to support the court's finding that termination is in A.A.'s best interests and Father did not challenge them. *See Aleise H. v. Dep't of Child Safety*, 245 Ariz. 569, 572 ¶ 10 (App. 2018). Thus, the court did not err in finding that termination of Father's parental rights was in A.A.'s best interests.

## CONCLUSION

¶21 We affirm the court's order terminating Father's parental rights to A.A.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR